SOUTHERN PACIFIC COMPANY AND OREGON &
CALIFORNIA RAILROAD COMPANY *v.* CAMP-
BELL ET AL., CONSTITUTING THE RAILROAD
COMMISSION OF OREGON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE DISTRICT OF OREGON.

No. 428.  Argued April 9, 1912.—Decided June 16, 1913.

The enforcement of an order of the State Railroad Commission pre-
scribing rates of intrastate transportation will not be restrained at
the instance of a carrier on the ground that the rates are confiscatory
where the allegations of the bill are insufficient to show that the
carrier would be deprived of just compensation in the business of
intrastate transportation by virtue of the operation of the order.

A general charter provision, giving power to charge and collect tolls,
necessarily implies that the charges shall be reasonable, and does
not detract from the power of the State to prescribe reasonable rates.

The court should only override the decision of the body which has been
given legislative authority to establish rates of transportation where
the action of such body is of such an arbitrary character as to con-
stitute an abuse of powers.

This court follows the decision of the state court as to the constitu-
tionality of a state statute conferring power on a Railroad Commis-
sion to establish intrastate rates.

Penal provisions of a state statute regulating railroad rates which are
separable furnish no ground for the courts denying effect to the
rates if the statute is otherwise valid.

189 Fed. Rep. 182, affirmed.

THE facts, which involve the constitutionality of an
order of the Railroad Commission of Oregon of Septem-
ber 21, 1910, prescribing railroad freight rates, are stated
in the opinion.

*Mr. Maxwell Evarts* for appellants submitted.

*Mr. Joseph N. Teal,* with whom *Mr. A. M. Crawford,*

Attorney General of Oregon, and *Mr. Clyde B. Aitchison* were on the brief, for appellees:

The constitutionality of the Railroad Commission Act having been sustained by the Supreme Court of Oregon, *State* v. *Corvallis R. R. Co.*, 117 Pac. Rep. 980, that construction is binding upon this court. *Mo. Pac. Ry. Co.* v. *Taylor*, 216 U. S. 262; *Jack* v. *Kansas*, 199 U. S. 372, 379; *Smiley* v. *Kansas*, 196 U. S. 447; *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461.

The Supreme Court of Oregon has sustained orders of the present Railroad Commission in *Portland Ry. Co.* v. *Railroad Comm.*, 57 Oregon, 126; 56 Oregon, 468; *Martin* v. *Oregon R. & N. Co.*, 58 Oregon, 198; *So. Pac. Co.* v. *Railroad Comm.*, 119 Pac. Rep. 727.

The constitutionality of the Oregon act has been also sustained in the Circuit Court of the United States. *Oregon Nav. Co.* v. *Campbell*, 173 Fed. Rep. 957; *So. Pac. Co.* v. *Campbell*, 189 Fed. Rep. 182.

The severity of the penalty is a matter for legislative and not for judicial discretion. *Southern Exp. Co.* v. *Commonwealth*, 92 Virginia, 59; 168 U. S. 705; *Chicago & G. T. R. Co.* v. *Wellman*, 143 U. S. 339; *Burlington, C. R. & N. Co.* v. *Dey*, 82 Iowa, 312, 341.

Section 32 of the act, conferring jurisdiction of suits against the commission on the state circuit court for Marion county, is not unconstitutional. *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 362; *Oregon Railroad & Navigation Co.* v. *Campbell*, 173 Fed. Rep. 957.

When the legislature adopts general rules and delegates power to a commission to apply them to specific facts and to exercise its discretion in respect thereto, the ultimate act is legislative. *Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1; *Prentis* v. *Atlantic Coast Line R. Co.*, 211 U. S. 210; *Honolulu Rapid Transit & Land Co.* v. *Hawaii*, 211 U. S. 282; *Atlantic Coast Line Ry. Co.* v. *North Carolina*, 206 U. S. 1; *Texas & Pacific Ry. Co.* v. *Abilene Cotton Oil Co.*,

204 U. S. 426; *Texas & Pac. Ry. Co.* v. *Mugg,* 202 U. S. 242; *Texas & Pac. Ry. Co.* v. *Cisco Oil Co.,* 204 U. S. 449.

"Unreasonable" as used by courts in passing on reasonableness of rates fixed by legislative authority means confiscatory. *Spring Valley Water Works* v. *San Francisco,* 82 California, 286; *Chicago & Grand Trunk Railway Co.* v. *Wellman,* 143 U. S. 339, 344; *Reagan* v. *Farmers' Loan & Trust Co.,* 154 U. S. 362, 399; *Smyth* v. *Ames,* 169 U. S. 466; *Henderson Bridge Co.* v. *Henderson City,* 173 U. S. 592, 614, 615; *San Diego Land & Town Co.* v. *National City,* 174 U. S. 739, 754; *San Diego Land & Town Co.* v. *Jasper,* 189 U. S. 439; *Covington &c. Turnpike Co.* v. *Sandford,* 164 U. S. 578; *Stanislaus County* v. *San Joaquin Co.,* 192 U. S. 201; *Willcox* v. *Cons. Gas Co.,* 212 U. S. 19; *Ex parte Young,* 209 U. S. 123.

The power of the judiciary to control the legislature extends only to declaring legislation unconstitutional, when it conflicts with Federal or state constitutions. Cooley, Constitutional Limitations (7th ed.), 326, 241, 257; *St. Louis, I. M. & S. R. Co.* v. *Taylor,* 210 U. S. 281, 295; *Int. Comm. Comm.* v. *Illinois Central R. Co.,* 215 U. S. 452, 470.

The commission's order is presumptively lawful. *Munn* v. *Illinois,* 94 U. S. 113; *Ruggles* v. *Illinois,* 108 U. S. 536, 541; *Sweet* v. *Rechel,* 159 U. S. 380, 392; *Chicago &c. R. Co.* v. *Wellman,* 143 U. S. 339, 344; *San Diego &c. Co.* v. *National City,* 174 U. S. 739, 754; *Chicago &c. R. Co.* v. *Tompkins,* 176 U. S. 167, 173; *Louisville &c. R. Co.* v. *Kentucky,* 183 U. S. 503, 511; *Knoxville* v. *Knoxville Water Co.,* 212 U. S. 1, 8; *Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19, 41.

There is no standard by which the reasonableness of a rate can be tested purely as matter of law. *Illinois Central R. Co.* v. *Int. Comm. Comm.,* 206 U. S. 441; *Texas & Pac. R. Co.* v. *Int. Comm. Comm.,* 162 U. S. 197; *Cincinnati, N. O. & T. P. R. Co.* v. *Int. Comm. Comm.,* 162 U. S. 184.

The commission is an expert body. *Smyth* v. *Ames,* 169 U. S. 466, 527; *Southern Pacific Co.* v. *Railroad Comm. of Oregon,* 119 Pac. Rep. 927; *Or., East Tenn., V. & G. R. Co.* v. *Int. Comm. Comm.,* 99 Fed. Rep. 52, 64; *Steenerson* v. *Great Northern R. Co.,* 69 Minnesota, 353, 377; Noyes, Amer. Railroad Rates, p. 206; 2 Redfield, Railways (6th ed.), p. 606; *Railroad Comm.* v. *Cent. of Ga. Ry. Co.,* 170 Fed. Rep. 225; *Minneapolis &c. R. Co.* v. *Railroad Comm.,* 136 Wisconsin, 146.

Determinations of fact by the commission upon the reasonableness of a rate are conclusive and may not be reëxamined by the courts. *Int. Comm. Comm.* v. *Illinois Central R. Co.,* 215 U. S. 452; *Int. Comm. Comm.* v. *Chicago, R. I. & P. R. Co.,* 218 U. S. 88, 110; *So. Pac. Co.* v. *Int. Comm. Comm.,* 219 U. S. 433, 442; *Int. Comm. Comm.* v. *Delaware, L. & W. R. Co.,* 220 U. S. 235; *Baltimore & O. R. Co.* v. *United States ex rel. Pitcairn,* 215 U. S. 481; *Monongahela Bridge Co.* v. *United States,* 216 U. S. 177; *Illinois Central R. Co.* v. *Int. Comm. Comm.,* 206 U. S. 441, 454; *Cincinnati, H. & D. R. Co.* v. *Int. Comm. Comm.,* 206 U. S. 142, 154; *Cincinnati, N. O. & T. P. R. Co.* v. *Int. Comm. Comm.,* 162 U. S. 184; *Louisville & N. R. Co.* v. *Behlmer,* 175 U. S. 648.

State courts have construed the powers of state commissions similarly. *Steenerson* v. *Great Northern Ry. Co.,* 69 Minnesota, 353, 375, 376; *State* v. *C., M. & St. P. Ry. Co.,* 38 Minnesota, 281, 298; *Foreman* v. *Board,* 64 Minnesota, 371; *State* v. *Young,* 29 Minnesota, 474; *Reagan* v. *Farmers' &c. Co.,* 154 U. S. 362; *So. Pac. Co.* v. *Railroad Comm. of Oregon,* 119 Pac. Rep. (Or.) 727; *Minneapolis, St. P. & S. Ste. M. R. Co.* v. *Railroad Comm.,* 136 Wisconsin, 146; *Chicago, Rock Island & P. R. Co.* v. *Railway Comm.,* 85 Nebraska, 818, 824–5; *Spring Valley Water Works* v. *San Francisco,* 82 California, 286, 306; *Jacobson* v. *Wisconsin Ry. Co.,* 71 Minnesota, 519, 529; 179 U. S. 287; *Morgan's &c. R. Co.* v. *Railroad Comm. of Louisiana,* 109 Louisiana,

247, 265; *In re Amsterdam*, 33 N. Y. Supp. 1009; *People* v. *Board of R. R. Comm.*, 53 App. Div. (N. Y.) 61; *Pensacola &c. R. Co.* v. *State*, 25 Florida, 310; *Storrs* v. *Pensacola Ry. Co.*, 29 Florida, 617; *State ex rel. R. R. Comm.* v. *Seaboard Air Line R. Co.*, 48 Florida, 129.

Courts will not supervise the administrative functions of the commission. *Minneapolis, St. P. &c. R. Co.* v. *Railroad Comm. of Wisconsin*, 136 Wisconsin, 146, 169.

The commission act and the order complained of do not impair the alleged contract right of appellants to prescribe their own rates in Oregon. *Wells, Fargo & Co.* v. *Oregon Railroad & Navigation Co.*, 8 Sawy. 600; 15 Fed. Rep. 561; *State* v. *S. P. Co.*, 23 Oregon, 424, 432; *Ex parte Koehler*, 23 Fed. Rep. 529; *Portland Ry., L. & P. Co.* v. *Railroad Comm. of Oregon*, 56 Oregon, 468, 478, 479; *Stone* v. *Farmers' Loan & Trust Co.*, 116 U. S. 307; *Missouri P. R. Co.* v. *Kansas*, 216 U. S. 262.

The commission act does not violate the commerce clause of the Federal Constitution. *Oregon R. & Navigation Co.* v. *Campbell*, 173 Fed. Rep. 957; *People* v. *Draper*, 15 N. Y. 532, 543; *Thorpe* v. *Rutland & Burlington Railroad Co.*, 27 Vermont, 140, 142; *Interstate Commerce Commission* v. *Brimson*, 154 U. S. 447.

The authority of the State over its internal commerce is sovereign.

Remote or indirect interference with interstate commerce by State is not inhibited by Federal Constitution.

Congress is without authority directly to regulate the purely internal commerce of the States. See authorities cited in brief in preceding case, p. 525, *ante*.

The Interstate Commerce Commission had declined to assume jurisdiction of commerce which begins and ends in a single State, even when it appeared that the local rates touched upon or interfered with interstate commerce. *Michigan Buggy Co.* v. *G. R. & I. Ry. Co.*, 15 I. C. C. Rep. 297; *Kurtz* v. *Pennsylvania Co.*, 16 I. C. C. Rep.

410; *Saunders & Co.* v. *Southern Express Co.*, 18 I. C. C. Rep. 415, 422; *Wells-Higman Co.* v. *Grand Rapids & I. Ry. Co.*, 19 I. C. C. Rep. 487, 490; *Hope Cotton Oil Co.* v. *T. P. R. Co.*, 12 I. C. C. Rep. 265, 269.

An allegation that a rate is unreasonable and if enforced will result in large loss of revenue is not admitted by demurrer. *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 362, 401; *Central of Ga. Ry. Co.* v. *McLendon*, 157 Fed. Rep. 961, 977; *B., C. R. & N. Ry. Co.* v. *Dey*, 82 Iowa, 312, 343; *Missouri Pac. R. Co.* v. *Smith*, 60 Arkansas, 221; *Cincinnati &c. Packet Co.* v. *Catlettsburg*, 105 U. S. 559.

Where an order of the commission by its terms explicitly declared it referred only to intrastate commerce there is no presumption that the order constituted an unlawful interference with interstate commerce. *Railroad Commission* v. *Symns Grocer Co.*, 53 Kansas, 207, 216; *Burlington, C. R. & N. R. Co.* v. *Dey*, 82 Iowa, 312, 339; *O. R. & N. Co.* v. *Campbell*, 173 Fed. Rep. 957; *Chicago, I. & L. R. Co.* v. *Railroad Commission*, 95 N. E. Rep. (Ind.) 364, 368; *New York Central &c. R. Co.* v. *Interstate Commerce Commission*, 168 Fed. Rep. 131; *Pittsburg &c. R. Co.* v. *Railroad Com.*, 171 Indiana, 189; *Chicago &c. R. Co.* v. *Railroad Com.*, 173 Indiana, 469; *Stone* v. *Farmers' L. & T. Co.*, 116 U. S. 307.

The order complained of is a valid regulation of state rates only and does not constitute a burden upon interstate commerce. *Gulf, Col. & Santa Fe R. Co.* v. *Texas*, 204 U. S. 403; *Southern Pacific Terminal Co.* v. *Interstate Commerce Commission*, 219 U. S. 498; *Coe* v. *Errol*, 116 U. S. 517; *Morgan* v. *M., K. & T. Ry. Co.*, 12 I. C. C. Rep. 525, 528; *Montgomery Freight Bureau* v. *Western Ry. of Alabama*, 14 I. C. C. Rep. 150; *Marshall Oil Co.* v. *Chicago & N. W. R. Co.*, 14 I. C. C. Rep. 210; *Kurtz* v. *Pennsylvania Co.*, 16 I. C. C. Rep. 410, 412, 413; *Dobbs* v. *Louisville & N. R. Co.*, 18 I. C. C. Rep. 210; *Wabash, St. Louis & Pacific R. Co.* v. *Illinois*, 118 U. S.

557; *General Oil Co.* v. *Crain,* 209 U. S. 211, 228, 229; *American Steel & Wire Co.* v. *Speed,* 192 U. S. 500, 509; *Southern R. Co.* v. *Hunt,* 42 Ind. App. 90.

A carrier using a local rate as part of a through interstate rate does so knowing it to be subject to state control. *Reagan* v. *Mercantile Trust Co.,* 154 U. S. 413; *Reagan* v. *Farmers' Loan & Trust Co.,* 154 U. S. 362; *Smyth* v. *Ames,* 169 U. S. 466; *Ames* v. *Union Pacific Railroad Company,* 64 Fed. Rep. 165; *Armour Packing Company* v. *United States,* 209 U. S. 56, 82.

A rate is a definite charge for a whole service. Beale & Wyman, Railroad Rate Regulation, § 661.

The control of intrastate rates by the State may not be defeated by the carrier's expedient of using a local rate as one of the factors in framing an interstate rate. *Trammel* v. *Clyde Steamship Company,* 4 I. C. C. Rep. 120, 139; *Wells-Higman Company* v. *Grand Rapids & Indiana Railway Co.,* 19 I. C. C. Rep. 487; *Dobbs* v. *L. & N. R. Co.,* 18 I. C. C. Rep. 210; *Wabash, St. Louis & P. R. Co.* v. *Illinois,* 118 U. S. 557; *Gulf, Colorado & Santa Fe Railroad Company* v. *Texas,* 204 U. S. 403; *General Oil Co.* v. *Crain,* 209 U. S. 211; *Ames* v. *Union Pacific R. Co.,* 64 Fed. Rep. 165, 171; *St. Louis & S. F. R. Co.* v. *Hadley,* 168 Fed. Rep. 317; *Southern Ry. Co.* v. *Hunt,* 42 Ind. App. 90; *State* v. *Missouri Pac. Ry. Co.,* 76 Kansas, 467; *Morgan* v. *M., K. & T. Ry. Co.,* 12 I. C. C. Rep. 525, 528; *Lincoln Commercial Club,* v. *C., R. I. & P. R. Co.,* 13 I. C. C. Rep. 319; *Montgomery Freight Bureau* v. *Western Ry. of Ala.,* 14 I. C. C. Rep. 150; *Marshall Oil Co.* v. *C. & N. W. Ry. Co.,* 14 I. C. C. Rep. 210; *Woodside* v. *Tonopah & G. R. Co.,* 184 Fed. Rep. 360; *Oregon R. & N. Co.* v. *Campbell,* 173 Fed. Rep. 957, 982; *Missouri Pac. R. Co.* v. *Kansas,* 216 U. S. 262, 283; *Louisville & N. R. Co.* v. *Siler,* 186 Fed. Rep. 176, 200; *Arkansas Rate Cases,* 187 Fed. Rep. 290, 302; *Gibbons* v. *Ogden,* 6 Wheat. 448; *Employers' Liability Cases,* 207 U. S. 463, 493; *Addyston Pipe & Steel Co.* v.

*United States*, 175 U. S. 211, 231; *State* v. *Northern Pacific Ry. Co.*, 120 N. W. Rep. (N. D.) 869; *Northern Pac. Ry. Co.* v. *North Dakota*, 216 U. S. 579; *Louisville & N. R. Co.* v. *Kentucky*, 183 U. S. 503; *Perkins* v. *Northern Pacific R. Co.*, 155 Fed. Rep. 453; *Shepard* v. *Northern Pac. Ry. Co.*, 184 Fed. Rep. 765.

General allegations in a bill of the unreasonableness and confiscatory character of rates established by order of the commission are but conclusions of law and are not sufficient to raise an issue. *Central of Ga. R. Co.* v. *Mc-Lendon*, 157 Fed. Rep. 961.

A reduction in rates does not necessarily decrease earnings. *Willcox* v. *Cons. Gas Co.*, 212 U. S. 19, 51; *Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1, 18; *Chicago & G. T. R. Co.* v. *Wellman*, 143 U. S. 339.

The public does not guarantee that every investment made by a railroad shall be profitable. *Matthews* v. *Board of Corp. Comm.*, 106 Fed. Rep. 7, 9, 10; *Steenerson* v. *Great Northern R. Co.*, 69 Minnesota, 353.

There is no particular rate of compensation which must in all cases be regarded as sufficient for capital invested in business enterprises. *Willcox* v. *Cons. Gas Co.*, 212 U. S. 19, 50; *San Diego Land Co.* v. *National City*, 174 U. S. 739, 757.

A carrier's property as a unit has one value, which in any consideration of the question of confiscation is to be divided equitably into the value of the property for the interstate use to which it is put and to the state use. *Chicago, M. & St. P. R. Co.* v. *Tompkins*, 176 U. S. 167, 175.

Allegations that a rate is unreasonable and if enforced will result in large loss of revenue are not admitted by demurrer. *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 401; *Mo. Pac. R. Co.* v. *Smith*, 60 Arkansas, 221; *So. Pac. Co.* v. *Int. Comm. Comm.*, 177 Fed. Rep. 963; *B., C. R. & N. R. Co.* v. *Dey*, 82 Iowa, 312, 343; *Quimby* v. *Clyde S. S. Co.*, 12 I. C. C. 392, 396; *Brewer* v. *Louisville & N. R. Co.*,

7 I. C. C. 227, 238; *Central of Ga. R. Co.* v. *McLendon*, 157 Fed. Rep. 961, 978.

A reasonable actual trial is the test of the confiscatory character of rates. *Ex parte Young*, 209 U. S. 123; *Knoxville Water* and *Consolidated Gas Cases, supra.*

Confiscation cannot be predicated of a single rate or group of rates, but must be judged from the effect on the entire business done within the State. *Willcox* v. *Cons. Gas Co.*, 212 U. S. 19; *Atlantic Coast Line R. Co.* v. *North Carolina Corp. Comm.*, 206 U. S. 1; *Minneapolis & St. L. R. Co.* v. *Minnesota*, 186 U. S. 257; *St. Louis & S. F. R. Co.* v. *Gill*, 156 U. S. 649, 665; *Southern Railway Co.* v. *Atlanta Stove Co.*, 128 Georgia, 207, 233, 234; *Wisconsin &c. R. Co.* v. *Jacobson*, 71 Minnesota, 519; 179 U. S. 287, 302; *State* v. *Missouri Pac. R. Co.*, 76 Kansas, 467; *Pensacola &c. R. Co.* v. *Florida*, 25 Florida, 310; *Morgan's R. Co.* v. *Railroad Comm.*, 109 Louisiana, 247; *People* v. *Railroad Co.*, 176 Illinois, 512; *Chicago Union Traction Co.* v. *Chicago*, 199 Illinois, 579; *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 412; *Smyth* v. *Ames*, 169 U. S. 466, 544, 547; *San Diego Land Co.* v. *National City*, 174 U. S. 739; *Covington & Lexington Turnpike Road Co.* v. *Sandford*, 164 U. S. 578, 596, 597; *Jerome Hill Cotton Co.* v. *M., K. & T. Ry. Co.*, 6 I. C. C. 601; *So. Pac. Co.* v. *Bartine*, 170 Fed. Rep. 725; Noyes, Amer. Railroad Rates, 25.

Reasonable rates may be unjustly discriminatory or unlawfully preferential. Beale & Wyman, Railroad Rate Regulation, §§ 724, 839; *Int. Comm. Comm.* v. *Cincinnati &c. Ry. Co.*, 167 U. S. 479, 511; *Kinnavey* v. *T. Ry. Assn.*, 81 Fed. Rep. 802, 804; *Board of Trade* v. *Ry. Co.*, 6 I. C. C. 632, 645; *Portland R. L. & P. Co.* v. *Railroad Comm. of Oregon*, 56 Oregon, 468, 484; *Portland R. L. & P. Co.* v. *Railroad Comm. of Oregon*, 109 Pac. Rep. 274.

The scale adopted by the commission in its order has been employed in numerous cases. *Portland Chamber of Commerce* v. *Oregon R. & N. Co.*, 21 I. C. C. Rep. 640; *City*

*of Spokane* v. *Northern Pacific Railway Co.*, 15 I. C. C. Rep. 376; *Traffic Bureau of The Merchants' Exchange* v. *So. Pac. Co.*, 19 I. C. C. Rep. 259; *Commercial Club of Salt Lake* v. *A., T. & S. F. Ry. Co.*, 19 I. C. C. Rep. 218.

The test of the reasonableness of a rate is not the amount of profit in the business of a shipper, but whether the rate yields a reasonable compensation for the service rendered. *Smyth* v. *Ames*, 169 U. S. 466; *C. & N. W. R. Co.* v. *Osborne*, 52 Fed. Rep. 914.

Under the law the commission's order is *prima facie* lawful and reasonable. *Atlantic Coast Line R. Co.* v. *Florida*, 203 U. S. 256; *Steenerson* v. *Great Northern R. Co.*, 69 Minnesota, 353; *Int. Comm. Comm.* v. *Louisville & N. R. Co.*, 118 Fed. Rep. 616; *Cumberland &c. Co.* v. *Railroad Comm.*, 156 Fed. Rep. 834, 837; *Railroad Comm.* v. *Cumberland &c. Co.*, 212 U. S. 414, 422; *Railroad Tax Cases*, 92 U. S. 575; *State* v. *Savage*, 65 Nebraska, 714, 768, 769; *In re Cruger*, 84 N. Y. 619, 621; *San Jose Gas Co.* v. *January*, 57 California, 614, 616; *Chicago, B. & Q. R. Co.* v. *Babcock*, 204 U. S. 585, 598; *State* v. *Houser*, 122 Wisconsin, 534, 570; *Int. Comm. Comm.* v. *L. & N. R. Co.*, 102 Fed. Rep. 709.

The return from the whole line must be considered. *Portland Ry., L. & P. Co.* v. *Railroad Comm. of Oregon*, 56 Oregon, 468, 482; *Int. Comm. Comm.* v. *Louisville & N. R. Co.*, 118 Fed. Rep. 613; *Traffic Bureau of Merchants' Exchange* v. *S. P. Co.*, 19 I. C. C. 261; *St. Louis & S. F. R. Co.* v. *Gill*, 156 U. S. 649, 665, 666.

Findings of fact made by the Interstate Commerce Commission as to preferences and discriminations in railway rates are beyond the competency of the courts to reexamine. *Baltimore & O. R. Co.* v. *United States*, 215 U. S. 481; *Illinois C. R. Co.* v. *Int. Comm. Comm.*, 206 U. S. 441; *Int. Comm. Comm.* v. *Delaware, L. & W. R. Co.*, 220 U. S. 235.

A carrier may complain of a reduction of rates by the

commission so far as it affects its revenues, but cannot complain that discrimination results to shippers or trade centers from such reduction. *Int. Comm. Comm. v. C., R. I. & P. R. Co.*, 218 U. S. 88, 109; *Clark v. Kansas City*, 176 U. S. 114, 118; *Smiley v. Kansas*, 196 U. S. 447.

MR. JUSTICE HUGHES delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court entered July 18, 1911, dismissing the bill, on demurrer, for want of equity. 189 Fed. Rep. 182.

The bill was filed by the complainants, the Southern Pacific Company and the Oregon & California Railroad Company, to set aside an order made by the Railroad Commission of Oregon under date of September 21, 1910, and to enjoin the defendants, the members of the commission and the Attorney-General of the State, from enforcing it. By this order, the commission found, after hearing, that certain freight rates maintained by the Southern Pacific Company between Portland and other places on its lines in Oregon were unreasonable, excessive and discriminatory, and the commission required the company, in lieu of the rates thus disapproved, to put into effect the "just and reasonable and non-discriminatory charges" set forth in the order.

The first, and principal, contention of the appellants, is that this requirement was invalid as constituting a regulation of interstate commerce. The order, however, related solely to intrastate traffic, and the question raised by the bill, so far as its allegations bear upon the conditions of interstate transportation, does not differ in its essential features from that which was passed upon in the Minnesota rate cases. *Minnesota Rate Cases, ante,* p. 352. This objection to the order cannot be sustained.

It is further insisted that the order was confiscatory.

The railroad property in question was that of the Oregon & California Railroad Company which was operated by the Southern Pacific Company under lease made in 1887. It was provided by the lease that the Southern Pacific Company should keep the property in good condition, "operate, maintain, add to, and better the same at its own expense," and should pay over annually to the lessor company the amount remaining of the net earnings, after all charges and expenses incurred by the Southern Pacific Company under the lease, and all taxes and interest, current fixed charges and all indebtedness of the lessor to the Southern Pacific Company, had been paid, save that if such amount should exceed specified percentages of the preferred and common stock of the lessor, the excess might be retained by the lessee.

It was alleged that after payment of operating expenses, taxes, interest, and other reasonable and legitimate expenses, a deficit had accumulated representing an indebtedness to the Southern Pacific Company and amounting on June 30, 1906, to the sum of $6,222,037; but it also appeared that this deficit was reduced in the following years so that on June 30, 1909, it amounted to $3,207,008.37.

The capital stock consisted of preferred stock of the par value of $12,000,000, and common stock of the par value of $7,000,000, and the bonded indebtedness amounted to $17,745,000, making in the aggregate $36,745,000. In one part of the bill it was alleged, without particulars showing the constituent items, that the total value of the property in Oregon, held under the lease, consisting of approximately 670 miles of road with rolling stock, stations, terminals and appurtenances, amounted to $43,594,886.73. But a later averment, in connection with the allegations as to outlays and return, was that "the properties of the Oregon & California Railroad Company are of the reasonable value of a sum representing the out-

standing bonded indebtedness and the deficit, as aforesaid and the capital stock of the company"; and so valued, the total would be $39,952,008.37.

The receipts from the entire property and the disbursements for several years were stated. It was averred that for the fiscal year ending June 30, 1909, the total receipts were $7,104,081 and the disbursements, $5,839,698. As the court below pointed out, the bill was silent as to what was embraced in the aggregate expenditures, and the court thought it fair to assume that the total disbursements, as alleged, included not only the expenses of operation, but also interest on bonds and on open accounts and thus, that the averment showed, for the fiscal year ending June 30, 1909, a net balance of $1,264,383 as a return on the investment represented by $19,000,000 in par value of capital stock. It was alleged that the "annual loss of interstate and intrastate business combined," which would result if the order in question were enforced, would amount to $156,072.48. The court below concluded that on this showing it could not be said in advance of actual experience, that the rates fixed by the commission would not afford a fair return upon the value of the property.

The order, as already noted, was made in September, 1910, and the bill was brought in October, 1910, but the receipts and disbursements for the fiscal year ending June 30, 1910, were not given. In addition to this omission, the bill was destitute of any allegation showing the expenses incurred in the conduct of the intrastate business as distinguished from the interstate business, or the share of the value of the property which was assignable to the former. In short, the allegations of the bill were wholly insufficient to show that the complainants would be deprived of just compensation in their business of intrastate transportation by virtue of the operation of the order.

In sustaining the demurrer, the court gave to the com-

plainants thirty days in which to plead further; and they thus had opportunity for amending their bill so as to present additional averments which would correct deficiencies in the original allegations and remove any possible misapprehension as to the facts intended to be · set forth. But the complainants informed the court that they did not desire to avail themselves of this opportunity and accordingly the bill was dismissed. We think that it cannot be said that any error was committed in thus disposing of the contention as to confiscation.

It is also urged that the railroad commission act of Oregon (February 18, 1907 Laws of 1907, chap. 53, p. 67), and the order in question, were void as against the Oregon & California Railroad Company, and the lessee of its property, upon the ground that the act and order impaired the obligation of the contract contained in the charter of the first-mentioned company. That company was incorporated in 1870, under the general incorporation act of Oregon, approved October 14, 1862, which, in § 34, provided: "Every corporation formed under this act for the construction of a railroad, as to such road shall be deemed common carriers, and shall have power to collect and receive such tolls or freight for transportation of persons or property thereon as it may prescribe." Reference is also made to the following provision of the constitution of Oregon pursuant to which this incorporation act was enacted: "Corporations may be formed under general laws, but shall not be created by special laws except for municipal purposes. All laws passed pursuant to this section may be altered, amended or repealed but not so as to alter or destroy any vested corporate rights." (Art. XI, § 2.) The sole question presented on this branch of the case, it is said by counsel for the appellants, "is whether the judgment of the carrier in fixing rates for transportation of persons or property shall be supervised,

regulated and supplanted by the judgment of the State exercised through a Railroad Commission, or shall it remain as it was at common law, within the exclusive power and jurisdiction of the carrier to fix these rates, subject only to the power of the courts upon judicial inquiry, to denounce and decline to enforce rates that are excessive and unreasonable? "

As to this question, it is sufficient to say that it is well established that a general charter provision such as the one quoted, giving power to charge and collect tolls, necessarily implies that the charges shall be reasonable and does not detract from the power of the State through its legislature, or the agency lawfully constituted thereby, to prescribe reasonable rates to be observed by the carrier. *State* v. *Southern Pacific Co.*, 23 Oregon, 424, 432, 433; *Stone* v. *Farmers' Loan & Trust Co.*, 116 U. S. 307, 330; *Dow* v. *Beidelman*, 125 U. S. 680, 688; *Georgia R. R. & Banking Co.* v. *Smith*, 128 U. S. 174, 181; *Chicago, M. & St. P. Railway Co.* v. *Minnesota*, 134 U. S. 418, 455; *Covington & C. Bridge Co.* v. *Kentucky*, 154 U. S. 204, 215; *Louisville & Nashville Railroad* v. *Kentucky*, 161 U. S. 677, 696; *Owensboro* v. *Owensboro Waterworks Co.*, 191 U. S. 358, 370. In the case of *Stone* v. *Farmers' Loan & Trust Co.*, *supra*, where the charter empowered the railroad company "from time to time to fix, regulate, and receive the toll and charges by them to be received for transportation of persons or property on their railroad," and it was insisted that a subsequent statute creating a railroad commission with authority to fix maximum rates was an impairment of contract obligation, the court said (p. 330): "The claim now is that by § 12" (the provision referred to) "the State has surrendered the power to fix a maximum for this company, and has declared that the courts shall be left to determine what is reasonable, free of all legislative control. We see no evidence of any such intention. Power is granted to fix reasonable charges,

but what shall be deemed reasonable in law is nowhere indicated. . . . Consequently, all the power which the State had in the matter before the charter it retained afterwards. The power to charge being coupled with the condition that the charge shall be reasonable, the State is left free to act on the subject of reasonableness within the limits of its general authority as circumstances may require. The right to fix reasonable charges has been granted, but the power of declaring what shall be deemed reasonable has not been surrendered."

The remaining questions may be briefly disposed of. The complainants were not entitled to have the court below substitute its judgment for that of the commission or determine the matters which properly fell within the province of that body. The conditions of traffic, the adjustment of rates with respect to the different commodities transported, and the appropriate basis for classification, were subjects for the consideration of the commission, and there was nothing shown which would have warranted the court in overriding the decision of the commission upon the ground that its action was of such an arbitrary character as to constitute an abuse of power.

The criticism made in the bill that the railroad commission act violated the state constitution in conferring upon the commission authority to exercise legislative, executive and judicial powers, has been answered by the decision of the state court, sustaining the statute. *State* v. *Corvallis & Eastern R. R. Co.*, 59 Oregon, 450; 117 Pac. Rep. 980. The provision of the statute that suit might be brought in the state court to set aside orders of the commission upon the ground that the rates fixed were unlawful, or that the regulation or practice prescribed was unreasonable, did not infringe the rights of the complainants. The procedure permitted by the statute is consistent with the Fourteenth Amendment. *Portland*

*Railway, Light & Power Co.* v. *Railroad Commission of Oregon,* 229 U. S. 397. And, finally, the penal provisions, of which complaint is made, are separable; *Reagan* v. *Farmers' Loan & Trust Co.,* 154 U. S. 362, 395; *Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19, 53, 54; *Western Union Telegraph Co.* v. *Richmond,* 224 U. S. 160, 172; they furnish no ground for denying effect to the rates, if otherwise valid.

Our conclusion is that the demurrer was properly sustained.

*Decree affirmed.*