**JARKA CORPORATION OF BOSTON et al. v. MONAHAN, Deputy Com'r, et al.**

No. 3375.

District Court, D. Massachusetts.

Feb. 27, 1931.

Brown, Field & McCarthy, of Boston, Mass., for plaintiffs.

A. Chesley York, Asst. U. S. Atty., for defendant Monahan.

George L. Dillaway, of Boston, Mass., for defendant Nellie Barnes.

BREWSTER, District Judge.

The above-entitled matter is a bill in equity, brought under section 21 (b) of the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, c. 509, 44 Stat. 1436, 33 USCA § 921 (b), to review a compensation order of the deputy commissioner in this district, which order it is alleged was not in accordance with law.

#### Statement of Facts.

The deputy commissioner has found that on the 5th day of December, 1929, Arthur Barnes received an occupational injury from which he died on the 7th day of December, 1929. His widow, Nellie Barnes, duly elected, in accordance with section 33 of the act (33 USCA § 933), to institute proceedings to recover damages against the vessel and the owners of the vessel on which Barnes was working at the time of the injury.

The libel was accordingly brought by the widow, as administratrix, which libel was dismissed after a compromise settlement had been reached with the owners of the vessel.

According to the finding of the deputy commissioner, by the terms of the settlement, the administratrix received $5,250 and her attorneys $250, or a total of 5,500, which was paid by the owner. This settlement was approved in writing by the employer.

The deputy commissioner approved a further charge of $100 for legal services rendered in the compensation proceeding.

The employer and its surety were ordered to pay forthwith to the widow, for the benefit of herself and her two children, the sum of $2,250 in one sum. The validity of this order is challenged on three grounds: First, that the award is for an incorrect amount; second, that the deputy commissioner was in error in ordering it to be paid forthwith; and third, that there is no authority in the statute for his order that it be paid in a lump sum.

### Conclusions of Law.

As to the first objection to the award, I am of the opinion that the amount is correct. The amount of $2,250 is obtained by deducting the amount received by the administratrix as a result of her suit in admiralty ($5,250) from $7,500, the maximum liability under the act.

Section 33 (g) provides that, if a compromise is made, with the approval of the employer, for an amount less than the compensation to which the person would be entitled under the act, the employer shall be liable for compensation as determined by subdivision (e). Obviously, subdivision (f) rather than subdivision (e) was intended, because subdivision (e) deals with the application of a recovery or compromise made by the employer, while subdivision (f) deals with the application of a recovery by the employee. In section 33 (f) it is provided that the employer shall pay, as compensation under the act, a sum equal to the excess of the amount which the commission determines is payable, on account of such death, over the amount recovered against the third person. The controversy over the amount involves the correct determination of the amount received by the widow as a result of the compromise. Upon this phase of the matter the finding of the deputy commissioner leaves no room for doubt. He finds as a fact that the sum of $5,250 was paid to Nellie Barnes as administratrix of the estate of Arthur Barnes. Since it has not been made to appear that the evidence did not warrant this finding of fact by the deputy commissioner, the finding must be held to be conclusive. Obrecht-Lynch Corp. v. Clark (D. C.) 30 F. (2d) 144, 146.

If he had found that the owners of the vessel had paid Mrs. Barnes $5,500 out of which she had paid her attorney $250, a different situation would have been presented. In view of the unequivocal finding of the deputy commissioner that Mrs. Barnes received only $5,250, the computation of the excess of $7,500 over that amount cannot be deemed contrary to law.

The second question is whether this amount is to be paid forthwith or is to await the expiration of a period which would elapse before the sum of $5,250 was exhausted, assuming it was to be paid in periodical installments, as provided by the act.

While I agree that such a postponement might be in harmony with the spirit and purpose of the statute, my answer to that question must be that section 33 makes no provision for any postponement of the excess payable under 33 (f) and (g). In my opinion, in order to accomplish such a postponement, there must be found in the statute language, both adequate and definite, to that end. There are no provisions in the act which, by implication even, can be taken to call for such a postponement of the due date of the compensation payable under section 33.

The remaining question is whether this sum is to be paid in one lump sum or in installments. The language of section 33 is that the sum shall be paid as compensation under this act. Section 14 (a) and (b), 33 USCA § 914 (a) and (b), provides that compensation under the act shall be paid in periodical installments to the person entitled thereto. Reading section 14 (a) and (b) and section 33 (f) and (g) together, I have reached the conclusion that a fair construction of the act is one which gives the dependent the full benefits of the recovery, or compromise, in her suit against a third person, and at the same time entitles her to receive the compensation provided for in the act, such compensation to be payable in installments the same as any other compensation which she would be entitled to receive under the act. This construction is supported somewhat by the provisions of section 14 (j), 33 USCA § 914 (j), which are the only provisions found in the act relating to payment of compensation in a lump sum.

Section 14 (j) reads as follows: "Whenever the deputy commissioner determines that

it is for the best interests of a person entitled to compensation, the liability of the employer for such compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at 4 per centum true discount compounded annually. The probability of the death of the injured employee or other person entitled to compensation before the expiration of the period during which he is entitled to compensation shall be determined in accordance with the American Experience Table of Mortality. The probability of the happening of any other contingency affecting the amount or duration of the compensation shall be disregarded."

I do not understand that the deputy commissioner, in awarding a lump sum, proceeded under this section, or that he made any attempt to get at the present value of future payments. The construction which I have put upon section 33 (f) and (g) is the only one which seems to me to be consistent with the purpose of the act, and I am unable to see how such a construction will lead to complications.

I have reached the conclusion, therefore, that the award of the deputy commissioner, so far as it required the payment of $2,250 to Nellie Barnes for the benefit of herself and Joseph and Mary Barnes, is lawful, and that the sum of $100 allowed to counsel for legal services in the compensation proceeding is also lawful, but that the order to pay the same forthwith in a lump sum is unlawful, in that the statute requires the said sum to be paid in installments in accordance with the provisions of section 14 (a) and (b).

My conclusion, therefore, is that the compensation order should be set aside unless and until it is modified in conformity with this opinion, and I so order.