**JARKA CORPORATION et al. v. MONAHAN, Deputy Commissioner, et al.**

No. 2733.

Circuit Court of Appeals, First Circuit.

Dec. 29, 1932.

La Rue Brown, of Boston, Mass. (Richard Field, and Brown, Field & McCarthy, all of Boston, Mass., on the brief), for appellants.

George L. Dillaway, of Boston, Mass., for appellee Nellie Barnes.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a decree of the District Court for the District of Massachusetts dismissing the appellants' bill to enjoin the enforcement of a compensation order made under the Act of March 4, 1927, entitled the "Longshoremen's and Harbor Workers' Compensation Act" chapter 509, 44 Stat. 1424 (33 USCA §§ 901–950). The appellants are the employer and insurance carrier, respectively, while the appellees are the deputy commissioner appointed under the act and the surviving wife, in whose favor, for the benefit of herself and her minor children, the compensation order was made for injuries resulting in the death of her husband. Jurisdiction to restrain the enforcement of an order of the deputy commissioner is conferred upon the District Courts by section 21 (b) of the act (33 USCA § 921(b).

Arthur Barnes, an employee of the Jarka Corporation of Boston, died on December 7, 1929, as the result of injuries received on December 5, 1929, due to defective equipment of a vessel, owned by a third party, on which he was working. His widow and administratrix exercised her right under section 33 (a) of the act (33 USCA § 933 (a), and in April, 1930, brought a libel against the vessel. Her action was settled in November, 1930, with the approval of the employer of the injured workman, by the payment to the administratrix of the sum of $5,500.

Under section 33 (g), if a compromise with a third person responsible for the injury is made with the consent of the employer, and the amount received under such compromise is less than the compensation to which the workman would be entitled under the act, "the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person." (It is clear, we think, that there was an error in the reference to a previous section in subdivision (g) of section 33. The reference obviously should have been to subdivision (f) and not subdivision (e).

On application to the commission, the deputy commissioner made an award requiring the employer and insurance carrier to pay an additional sum of $2,250 in a lump sum as a death benefit to the surviving wife and her minor children. From this award

the employer and insurance carrier appealed, and it was set aside by the District Court [48 F.(2d) 283], on the ground that there was no basis for making such an award in a lump sum, and no evidence that the deputy commissioner, in making the award, proceeded under section 14 (j), (33 USCA § 914 (j), which provides for an award of a lump sum under certain conditions to be found by the deputy commissioner. The deputy commissioner afterward made the award here involved of $2,000 payable in weekly payments of $9.45 to the widow, and $2.70 weekly for the use of each of the minor children, or a total of $14.85, payments to date from December 7, 1929, the date of the workman's death.

This in effect awards the maximum amount to which the widow and children were entitled under the act, viz. $7,500.

▉ No question is raised by the appellants as to the propriety of this award as to the amount or the manner of its payment. The sole issue here is, On what date shall the payments begin? The appellants contend that the amount recovered of a third person should be treated as compensation under the act, and first applied in installments until used up, and then the payments under the Commissioner's award should begin. Under this interpretation the widow and children would receive no benefit in this case under the award of the deputy commissioner until 1936.

But we find no basis in the act for such a construction. While section 14 (b), (33 USCA § 914 (b), provides that compensation paid by the employer shall be in semimonthly installments, unless otherwise determined by the Commission, the situation presented when a third person is responsible for the injury is not the same as when an employer pays under the act. The injured workman, or, in case of his death, his representative, if the option under section 33 (a), (33 USCA § 933 (a) is exercised, brings the action against the third person in his own right, as though no Compensation Act existed, and is entitled to receive whatever he or his representative may recover unconditioned by the act.

But, when the amount recovered is less than the sum the workman, or, in case of death, his dependents, would be entitled to receive under the act, the employer must make up the difference. The act may be de-fective in not expressly providing how this difference should be paid, whether in installments or in a lump sum; but section 33 (f) provides that it shall be paid as "compensation under this chapter," and section 14 (b) provides how "compensation under this chapter" shall be paid.

▉ Reasons may be assigned why Congress, in case of recovery of a third person, should have made the installments of any additional sum which the employer is compelled to pay under section 33 (f) begin at a different date than when the employer is required under section 14 (b) to pay the entire sum; but Congress has failed to do so, and we see no good reason for holding that the District Court erred in affirming the award of the deputy commissioner directing the due date of the installments to be computed from the date of death in accordance with section 14 (b).

▉ That, owing to the lapse of time since the workmen's death, the award will result in the dependents now receiving the entire amount in one payment, since all the installments are now due, is not a sufficient reason for adopting a date for beginning the weekly payments other than the only one provided in the act. A fair construction of the act in case of weekly payments would require the first installment to be due on the seventh day after death, or after the employee has knowledge of the injury.

▉ Certainly any possible detriment to a widow and minors in having the award all at one time, if there be any resulting detriment, or any possible advantage to the employer in having the payments of the installments projected a long time into the future, on the ground that her death or remarriage would lessen the amount the employer would have to pay, is not a sufficient reason for adopting any other time for the beginning of the payments of compensation than the one fixed in the act. That it may result in the dependents receiving the compensation in a single payment is for the future consideration of Congress, if it is a defect in the act. Compensation Acts are for the benefit of the employee and his dependents, and are to be construed liberally in their favor. We think the construction contended for by the appellants would not be favorable to these dependents.

The decree of the District Court dismissing the bill is affirmed, with costs to the appellee Nellie Barnes.