**M. H. RENKEN DAIRY CO. v. WICKARD, Secretary of Agriculture.**

**No. 2246.**

District Court, E. D. New York.

May 18, 1942.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Nathan Borock, Asst. U. S. Atty., of New York City, and Edward O. Mather, Principal Atty., Office of Solicitor, of Washington, D. C., of counsel), for the motion.

Leonard Golluber, of Brooklyn, N. Y. (Horace B. Casey, of Albany, N. Y., of counsel), opposed.

CAMPBELL, District Judge.

This is a motion for summary judgment in favor of the defendant under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This action is brought to review the ruling made by the Secretary of Agriculture upon a petition filed by the plaintiff pursuant to the provisions of the Agricultural Marketing Agreement Act of 1937, § 8c (15) (A), 7 U.S.C.A. § 608c (15) (A).

The complaint herein is filed pursuant to Section 8c (15) (B) of the said Act, and is for the purpose of reviewing the following ruling made by the Commissioner upon the above-mentioned petition: "It is Ordered: (1) The Market Administrator was correct in ruling that under the provisions of Section 6, Subsection 1, Article VII of the order, and under Section 927.7 (f) of the amended order, that the milk diverted by petitioner from its plant in Marshall, New York, to its plant in Frankfort, New York, a part of which was manufactured into buttermilk, and was there shipped to and sold in New York City, constitutes a shipment of milk from its plant at Frankfort, New York, into the marketing area, and that the petitioner is not entitled to receive market service payments

upon any of the milk transferred by it from the plant at Marshall, New York, to its plant at Frankfort, New York, during the months of April and May 1940. (2) The petition is denied. (3) * * *."

The plaintiff is a handler of milk subject to the New York milk order and pursuant to such order filed reports for its handling of milk during the months of April and May, 1940.

At the same time it filed a claim for market service payments pursuant to Article VII, Section 6 of the original order, and to Section 927.7(f) of the order as amended. The claim was for market service payments for milk moved from the petitioner's plant at Marshall, New York, to its plant at Frankfort, New York, where the plaintiff, then the petitioner, claimed the milk was manufactured so as to entitle it to the market service payments pursuant to the above-mentioned section.

On the audit of the plaintiff's, then petitioner's, books at Frankfort, New York, the Market Administrator ascertained, as is also shown in the complaint herein and the petition filed with the Secretary, that the plaintiff had manufactured buttermilk at the Frankfort plant by mixing a large quantity of skim milk with whole milk and adding a souring culture to produce the buttermilk.

The Market Administrator ruled that this buttermilk was Class 1 milk, pursuant to Article III, Section 2, paragraph 1 of the original order; and to Section 927.3(b) (1) of the order as amended.

The market service payment provision provided that market service claims would not be paid if the second plant was operated by the same handler, and if Class 1 milk was shipped to the marketing area from such plant during the particular delivery period. By the order as amended this provision was changed, so as to provide that the claim would not be allowed if the milk on which the claim is made is manufactured at a second plant, operated by the same handler, from which within 24 hours prior to, or 48 hours after the calendar day during which such milk was received at the second plant, Class 1 milk was shipped to the marketing area. The Market Administrator ruled that the production at the Frankfort plant of buttermilk, a product properly classified pursuant to the order as Class 1 milk, prohibited him from paying the market service claim.

The petition of the handler, the plaintiff, hereinbefore referred to, was filed with Secretary of Agriculture pursuant to Section 8c (15) (A) of the Agricultural Marketing Agreement Act, of 1937, supra, protesting against the Market Administrator's ruling, and alleging that the interpretation made by the Market Administrator was illegal and erroneous, in that the interpretation was made upon a basis of classification not contemplated in the spirit of the order, nor in its explicit wording, nor was it based on any legal basis whatsoever.

The hearing was held upon a stipulation of facts, the presiding officer issued a tentative report finding against the petitioner.

Exceptions were filed by the petitioner, the plaintiff herein, one of which was granted by the presiding officer, and the case then went to the Secretary of Agriculture, who on August 20th, 1941, made the hereinbefore recited finding against the petitioner.

It is conceded that buttermilk, as such, is not specifically placed in any one of the numerous classifications set forth in the order.

At the time of the issuance of the order it was known that there were a number of products that could be made from milk as to which a particular classification could not be set up. Class 1 milk was, therefore, defined in part as "all milk which leaves a plant as milk, chocolate milk, or any whole milk drink and whole milk the utilization of which is not established for classification in some other class" named in the classification article.

The plaintiff, as such, or as the petitioner, never clearly set forth the grounds upon which it relied until on the argument of this motion, and in its brief filed therein after such argument, it argues first; that buttermilk should not be classified as Class 1 milk, and second; that buttermilk in fact is an homogenized mixture and should, therefore, be classified in Class 11–B.

At no time, either as petitioner, or plaintiff, has the plaintiff alleged that the record of the public hearing held prior to the original issuance of the New York milk order and prior to the issuance of the order, as amended, do not support the classification of buttermilk in Class 1, nor does the plaintiff allege that he has been denied due process of law, or that the Secretary's ruling was arbitrary or capricious or that there was no substantial evi-

dence before the Secretary upon which his ruling might properly be based.

Jurisdiction is conferred upon this court by Section 8c (15) (B) of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 608c (15) (B), which provides a method of review for errors of law or rule by an administrative officer. The review must be made upon the basis of the record before the Secretary, and the court cannot conduct a trial de novo or permit new issues of fact to be injected into the case. New York State Guernsey Breeders Co-Op., Inc., et al. v. Wallace, Secretary of Agriculture, D.C., 28 F.Supp. 590.

The section here under consideration of the Agricultural Marketing Act of 1937 bears a strong resemblance to Section 921 of the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C.A. § 921, and decisions of the courts, as to the construction of that section, should be carefully considered in construing the Agricultural Marketing Act, supra, and the courts in construing that act have confined the extent of such review to the record before the Commissioner.

The construing of that section as not permitting a trial de novo before the District Courts, as to the facts on a review of the Commissioner's award, is not invalid, as denying due process of law, or delegating judicial powers. Wilson & Co., Inc., v. Locke, 2 Cir., 50 F.2d 81; Wheeling Corrugating Co. v. McManigal, 4 Cir., 41 F.2d 593; Jarka Corporation of Boston v. Monahan, D.C., 48 F.2d 283, affirmed 1 Cir., 62 F.2d 588.

The findings of the Deputy Commissioner under that act are conclusive if there is any evidence to support them, and the court may not weigh the evidence and substitute its independent findings for those of the Deputy Commissioner. Clark v. Portland General Electric Co., 9 Cir., 111 F.2d 703; Bethlehem Shipbuilding Corporation v. Cardillo, D.C., 23 F.Supp. 400, affirmed, 1 Cir., 102 F.2d 299, certiorari denied 307 U.S. 645, 59 S.Ct. 1042, 83 L.Ed. 1525.

The court cannot substitute its findings of fact for those of the Commissioner under that act, except where the Commissioner's findings are arbitrary, capricious, or unreasonable, and not supported by any evidence. Speaks v. Hoage, 64 App.D.C. 324, 78 F.2d 208.

The plaintiff, as petitioner, in this case had a full and fair hearing on its petition. There was clear and substantial evidence in support of the Secretary's findings, and the court will not disturb the Secretary's findings or rulings, and substitute its judgment for that of the Secretary, an administrative official, even if upon an examination of all the evidence the court might have in the first instance reached a different conclusion, which in this case it would not. Swayne & Hoyt, Ltd., v. United States, 300 U.S. 297, 57 S.Ct. 478, 81 L.Ed. 659; Southern Pacific Co. v. Campbell, 230 U.S. 537, 33 S.Ct. 1027, 57 L.Ed. 1610; Opp Cotton Mills v. Administrator, 312 U.S. 126, 657, 61 S.Ct. 524, 85 L.Ed. 624; National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; Green Valley Creamery v. United States, 1 Cir., 108 F.2d 342; United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429.

Consideration of the law, as shown by the authorities hereinbefore cited, clearly shows that the function of the court on this motion is confined to ascertaining whether under the wording of the order, buttermilk is classified by the order, and by the order as amended, as Class I milk.

If that be so, there being no allegation in the complaint of a lack of substantial evidence, or that the action of the Secretary was arbitrary or capricious, the motion should be granted.

The classification of buttermilk in said order, and amended order, as Class I milk is supported by the record of public hearings and the consistent classification as such by the Administrator, supported by the ruling of the Secretary in this case.

The plaintiff, as such, and as petitioner, has contended that buttermilk was not properly classified as Class I milk in the said order, or amended order, but up until the argument of this motion, or the filing of this brief, has not attempted to show what its classification should be.

Plaintiff, by its counsel, now contends that buttermilk should be properly classified in said order, and amended order, as Class II B Milk, which is defined in Order 27 as follows: "Class II-B milk shall be all milk the butterfat from which leaves, or is on hand at, a plant in the form of plain condensed milk or, except as set forth in paragraph 6 of this section, frozen desserts or homogenized mixtures."

(Paragraph 6 refers to homogenized mixtures sold outside of New York City, which are classified as III-C.)

Whether buttermilk should be classified as Class II-B was a question that should have properly been presented at the public hearings, to the Administrator, or the Secretary, but it was not, and the Secretary was not called upon to rule on that contention, however, as the question presented for the court's determination in this case is, whether the Secretary has, as a matter of law, wrongly held that buttermilk should be classified as Class I Milk, I will consider the plaintiff's contention.

It is clearly shown by the record of public hearings that an homogenized mixture is a mixture of milk or cream, which has been run through an homogenizer, and to which has been added sugar, or some other form of flavoring, and which is used in the manufacture of ice cream. The common trade-name of which is "ice cream mix".

The buttermilk in question in this case was produced by mixing skim milk with whole milk which had not been homogenized and adding to that a souring culture.

■ The word "homogenized" in the order is to be defined in accordance with its general meaning in the trade, but plaintiff is not aided even by the alleged dictionary definition, as the buttermilk in question was not passed through a homogenizer, nor was it produced synthetically.

■ The buttermilk in question was properly classified as Class I milk, which is defined in said order in part, as "all milk which leaves a plant as milk, chocolate milk, or any whole milk drink *and all milk the utilization of which is not established for classification in some other class.*" (The underscoring, mine, not in the original.)

■ The ruling of the Secretary, now before this court in this case, is in accordance with the law, and there is no issue to be tried.

The motion is in all respects granted, and summary judgment in favor of the defendant against the plaintiff is granted, dismissing the complaint in this action with costs and disbursements.

Settle judgment on notice.