*Per Curiam:* Writ of error dismissed for want of jurisdiction. *Stevens, Administrator,* v. *Nichols,* 157 U. S. 370; *Loeber* v. *Schroeder,* 149 U. S. 580; *Central Land Co.* v. *Laidley,* 159 U. S. 103; *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557; *Ballard* v. *Hunter,* 204 U. S. 241; *Tracy* v. *Ginsberg,* 205 U. S. 180; *Rusch* v. *John Duncan Land & Mining Co.,* 211 U. S. 526; reported below, 218 Illinois, 571.

---

## ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY *v.* STATE OF MINNESOTA *ex rel.* CITY OF MINNEAPOLIS.

### ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 162. Argued April 19, 20, 1909.—Decided April 26, 1909.

Affirmed on authority of *Northern Pacific Railway* v. *Duluth,* 208 U. S. 583.[1]

THIS case involved a question almost the same as that in

---

[1] The headnote in *Northern Pacific Railway Company* v. *Duluth* applicable to this case is as follows:

"The right to exercise the police power is a continuing one that cannot be limited or contracted away by the State or its municipality, nor can it be destroyed by compromise as it is immaterial upon what consideration the attempted contract is based.

"The exercise of the police power in the interest of public health and safety is to be maintained unhampered by contracts in private interests, and uncompensated obedience to an ordinance passed in its exercise is not violative of property rights protected by the Federal Constitution; *held,* that an ordinance of a municipality of that State, valid under the law of that State as construed by its highest court, compelling a railroad to repair a viaduct constructed, after the opening of the railroad, by the city in pursuance of a contract relieving the railroad, for a substantial consideration, from making any repairs thereon for a term of years was not void under the contract, or the due process clause of the Constitution."

*Northern Pacific Railway* v. *Duluth* in which it was held that a railway was not deprived of its property without due process of law by being obliged to rebuild a viaduct over streets of a city.

Mr. *Rome G. Brown*, with whom Mr. *Charles S. Albert* and Mr. *William R. Begg* were on the brief, for plaintiffs in error.

Mr. *Frank Healy*, with whom Mr. *Albert E. Clarke* was on the brief, for defendant in error.

*Per Curiam:* Judgment affirmed on authority of *Northern Pacific Railway Company* v. *State of Minnesota ex rel. Duluth*, 208 U. S. 583.

---

# FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* SOUTHERN RAILWAY NEWS COMPANY.

**ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.**

No. 165.   Argued April 20, 1909.—Decided April 26, 1909.

Writ of error to review judgment of the Court of Appeals of Kentucky dismissed without opinion, for want of jurisdiction, notwithstanding the contention of plaintiff in error that where a state court in construing a contract departs from its established and applicable mode of procedure theretofore applied under similar circumstances due process and equal protection of the law are denied.

THIS was a writ of error to review a judgment of the Court of Appeals by which plaintiff in error contended that he had been deprived of his property without due process of law.

Mr. *William H. Field* for plaintiff in error.

Mr. *Charles F. Taylor* for defendant in error.