CINCINNATI, INDIANAPOLIS AND WESTERN RAILWAY COMPANY *v.* CITY OF CONNERS-VILLE.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 19.   Submitted October 25, 1910.—Decided November 28, 1910.

A railway corporation accepts its franchise from the State subject to the condition that it will conform at its own expense to any regulations as to the opening or use of streets which are reasonable and proper and have for their object public safety and convenience and which may, from time to time, be established by the municipality,

within whose limits the company operates, proceeding under legislative authority.

The power, whether called police, governmental or legislative, exists in each State, by appropriate legislation not forbidden by its own, or the Federal, constitution to regulate the relative rights and duties of all persons and corporations within its jurisdiction, and, therefore, to provide for the public good and convenience. *Lake Shore & Michigan Southern Ry. Co.* v. *Ohio*, 173 U. S. 285, 298.

A railway company is not deprived of its property without due process of law either under the Fifth or the Fourteenth Amendment because in a street opening proceeding it is not awarded, in addition to the value of the land taken, the cost of the new structure which must necessarily be erected to carry its right of way over the street, as required for the safety and convenience of the public.

170 Indiana, 316, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of proceedings of a street opening through a railway embankment, are stated in the opinion.

*Mr. John B. Elam,* with whom *Mr. James Fesler, Mr. Harvey J. Elam* and *Mr. Reuben Conner* were on the brief, for plaintiff in error:

A right was claimed under the United States Constitution and the highest court of Indiana in its opinion expressly denied that right, hence this court has jurisdiction. *Haire* v. *Rice,* 204 U. S. 291; *San Jose Land Co.* v. *San Jose Ranch Co.,* 189 U. S. 177; *Green Bay &c.* v. *Patten,* 172 U. S. 58.

The Fourteenth Amendment requires that when property is taken by power of eminent domain compensation must be made to the owner. *C., B. & Q. Ry.* v. *Chicago,* 166 U. S. 226.

When part of an entire property is taken under the power of eminent domain, the owner is entitled to compensation on account of what is taken and also for injury to what remains. *Chicago Ry. Co.* v. *Huncheon,* 130

Indiana, 529; *Chicago &c. Co.* v. *Hunter*, 128 Indiana, 213; *White* v. *Chicago Co.*, 122 Indiana, 317; *Rehman* v. *New Albany R. R. Co.*, 8 Ind. App. 200.

The measure of damages is the difference between the value of the entire property before the appropriation and of what remains immediately after such appropriation. *Sidener* v. *Essex*, 22 Indiana, 201; *Fifer* v. *Ritter*, 159 Indiana, 8; *Louisville &c. Co.* v. *Sparks*, 12 Ind. App. 410; *Sunnyside Co.* v. *Reitz*, 14 Ind. App. 478; *Lake Erie R. R. Co.* v. *Lee*, 14 Ind. App. 328.

When part of an entire property is taken under the power of eminent domain, the owner must be compensated for what is taken and for damages to that which remains, and unless this is done, such owner is deprived of his property without just compensation, without due process of law, and is denied the equal protection of the laws within the meaning of the Fifth and Fourteenth Amendments. *In re Street Opening* (Mich.), 26 N. W. Rep. 159; *Village* v. *Pere Marquette Co.* (Mich.), 102 N. W. Rep. 947; *Chicago &c. Co.* v. *Springfield &c. Co.*, 67 Illinois, 142; *St. Louis &c. Co.* v. *Springfield &c. Co.*, 96 Illinois, 274; *Chicago &c. Co.* v. *Jacobs*, 110 Illinois, 414; *Robb* v. *Maysville &c. Co.*, 60 Kentucky, 117; *Lake Shore &c. Co.* v. *Chicago &c. Co.*, 100 Illinois, 21; *Chicago &c. Co.* v. *Chicago*, 166 U. S. 226; *Commissioners* v. *Michigan &c. Co.* (Mich.), 51 N. W. Rep. 934; *Commissioners* v. *Canada &c. Co.* (Mich.), 51 N. W. Rep. 447.

When property of a railroad company is taken for another public use, the same rules as to compensation apply as in the case of an individual owner. *Lake Shore &c. Co.* v. *Chicago &c. Co.*, 100 Illinois, 21, 31; *Chicago &c. Co.* v. *Englewood &c. Co.*, 115 Illinois, 375, 384.

When property that has a peculiar value to the owner on account of its being devoted and adapted to a particular use is taken for a public use the owner should be compensated for such taking by assessing damages at

such value. *Ohio Valley Co.* v. *Keith*, 130 Indiana, 314; *Price* v. *St. Paul &c. Co.*, 27 Wisconsin, 98; *King* v. *Minneapolis &c. Co.*, 32 Minnesota, 224; *Dupuis* v. *Chicago &c. Co.*, 115 Illinois, 97; *Chicago &c. Co.* v. *Chicago &c. Co.*, 112 Illinois, 589; *Denver &c. Co.* v. *Griffith* (Colo.), 31 Pac. Rep. 171; *Cincinnati &c. Co.* v. *Longworth*, 30 Ohio St. 108; *Shenango &c. Co.* v. *Braham*, 79 Pa. St. 447; Sutherland on Damages, § 1074.

When a street is opened, as this was, through an embankment which is part of a railroad right of way, the damages caused to the railroad company should include the expense of the changes necessarily and proximately resulting from such removal. *Baltimore &c. Co.* v. *State*, 159 Indiana, 510; *Cincinnati &c. Co.* v. *City*, 68 Ohio St. 510; *City* v. *Grand Rapids &c. Co.* (Mich.), 33 N. W. Rep. 15; *St. Louis &c. Co.* v. *Springfield &c. Co.*, 96 Illinois, 274; *Colusa County* v. *Hudson*, 85 California, 633; *Terre Haute &c. Co.* v. *Crawford*, 100 Indiana, 550; *Lake Erie &c. Co.* v. *Commissioners*, 63 Ohio St. 23; *Morris &c. Co.* v. *City* (N. J.), 43 Atl. Rep. 730.

The expense of substitution of a bridge to carry a track over a street, which will in no way add to safety or convenience is not one that a railroad company can be required to incur under the exercise of the police power. If the damages awarded for the street opening do not include the expense of such structure, then its property is taken without just compensation and without due process of law. *Lake View* v. *Rose &c. Co.*, 70 Illinois, 191; *Ritchie* v. *People*, 155 Illinois, 98; *Chicago &c. Co.* v. *City*, 140 Illinois, 309; *Morris &c. Co.* v. *City* (N. J.), 43 Atl. Rep. 730; *Lake Erie &c. Co.* v. *Shelley*, 163 Indiana, 36; *Chicago &c. Co.* v. *People*, 200 U. S. 561; Lewis on Eminent Domain, § 6.

The following authorities are to be distinguished: *C., B. & Q. R. R. Co.* v. *Chicago*, 166 U. S. 226; *C., B. & Q. Ry. Co.* v. *Drainage Commissioners*, 200 U. S. 561; *North-*

*ern &c. Co.* v. *Minnesota,* 208 U. S. 583; *Lake Erie &c.·Co.* v. *Shelley,* 163 Indiana, 36; *So. Ind. Railway Co.* v. *Mc- Carrell,* 163 Indiana, 469; *Chicago &c. Co.* v. *State,* 158 ·Indiana, 189; *Chicago ·&c. Co.* v. *Zimmerman,* 158 Indiana, 189; *Vandalia &c. Co.* v. *State ex rel.,* 166 Indiana, 219; *Chicago &c. Co.* v. *State,* 159 Indiana, 237.

The statute of the State of Indiana upon which the Supreme Court of Indiana relied cannot be so construed .without making it conflict· with the Fourteenth Amendment. Every railroad corporation in Indiana possesses by statute the general powers, subject to liabilities and restrictions, to construct its road upon or across any stream of water, water-course, road, highway, railroad or canal, so as not to interfere with the free use of the same which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream or water-course, road or highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises. 2 Burns' R. S., 1901, § 5153; *State ex rel.* v. *Indianapolis &c.,* 160 Indiana, 145.

*Mr. R. N. Elliott,* with whom *Mr. Hyatt L. Frost, Mr. Charles F. Jones* and *Mr. David W. McKee* were on the brief, for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The Common Council of Connersville, Indiana, adopted a resolution declaring that a railway embankment, maintained by the ·Cincinnati, Indianapolis and Western Railway Company, the plaintiff in error, across Grand Avenue, in that city, obstructed passage between the north and south ends of the avenue; also, that such avenue should, as a matter of public necessity, be opened as a public street through said railroad embankment.

The question of the expediency, advisability and public utility of opening up the avenue through the embankment was thereupon referred to the City Commissioners, and to the Council's Committee on Streets, Alleys and Bridges, for action. Upon consideration of the matter at a time of which public notice was duly given, and after an examination of the ground sought to be appropriated, the Commissioners reported that the opening of the avenue through the railroad embankment would be of public utility. The report stated that the real estate to be appropriated by the opening of the avenue was so much of the railroad embankment as extended the entire width of the avenue, as then used and opened, immediately north and south of such embankment. The tract sought to be appropriated was 66 feet square and was occupied by the embankment. The Commissioners found and reported that no real estate would be damaged by the proposed opening other than that sought to be appropriated, and that the real estate abutting on both sides of the avenue would be benefited by the proposed opening of the street. There was a hearing—after due notice to all parties concerned, including the railroad company— of the question of injuries and benefits to the property to be appropriated, and of the benefits and damages to all real estate resulting from the opening of the avenue. The result of the hearing was a report by the City Commissioners in favor of the opening, and the value of the real estate sought to be appropriated was estimated at $150.

The City Council adopted the report of the Commissioners, and appropriated for the purpose of opening Grand Avenue the real estate described in the report as necessary to such opening—the property here in question being a part of that to be appropriated. The Council also directed that a certified copy of so much of the report as assessed benefits and damages be delivered to the

Treasurer of the city, and copied in full on the records of the Council with the minute of the adoption of the resolution describing the real estate appropriated.

There were various exceptions by the railway company and by the city, followed by a trial before a jury which found for the railway company and assessed its damages at $800. A motion by the company for a new trial having been overruled and a judgment entered for the defendant company, in the state court of original jurisdiction, the case was carried to the Supreme Court of Indiana (which affirmed the judgment) and it is now here for a reëxamination as to certain Federal questions raised by the railway company.

It was not disputed at the trial that the improvement of Grand Avenue, as ordered by the city of Connersville, made it necessary to construct a bridge over and across the avenue as reconstructed.

The trial court gave the following, among other instructions, to the jury: "It being the duty of the defendant railroad company to construct and keep in safe and good condition all highway crossings, the defendant in this action would not be entitled to any damages for constructing the necessary crossing nor abutments and bridge for supporting its railroad over and across said street when constructed."

It refused to give this instruction asked by the railway company: "If the appropriation of the defendant's property under the proceedings set forth in this case will necessarily and proximately cause expense to the defendant in constructing a bridge to carry its railroad over the proposed street in order that its railroad tracks may have support and its railroad may be operated as such, and as an entire line, and such construction of said bridge will be required for no other purpose, then, in determining the defendant's damages, you should consider the expense of constructing such bridge."

The railway company duly excepted to this action of the trial court, but the Supreme Court of Indiana held that there was no error.

There are twenty assignments of error, accompanied by an extended brief of argument. In addition, a great many authorities are cited by the learned counsel for the railway company. If we should deal with each assignment and argument separately, and enter upon a critical examination of the authorities cited, this opinion would be of undue length. We think the case is within a very narrow compass. This seems to be the view of learned counsel of the plaintiff in error, for, after a general reference to various questions raised at the trial, counsel say that "the case upon final analysis reduces itself to the question whether the police power [of the State] can be so applied as to require the railroad company to build the bridge without compensation."

If the railway company was not entitled to compensation on account of the construction of this bridge—whether regard be had to the Fifth or the Fourteenth Amendments of the Constitution or to the general reserved police power of the State—then it is clear that the jury were not misdirected as to what should be considered by them in estimating the damages which, under the law, the railway company was entitled to recover.

The question as to the right of the railway company to be reimbursed for any moneys necessarily expended in constructing the bridge in question is, we think, concluded by former decisions of this court; particularly by *C., B. & Q. Railway* v. *Drainage Com'rs,* 200 U. S. 562, 582, 584, 591; *N. O. Gas Co.* v. *Drainage Com'rs,* 197 U. S. 453; *N. Y. & N. E. R. R. Co.* v. *Bristol,* 151 U. S. 556, 571; *C., B. & Q. R. R. Co.* v. *Chicago,* 166 U. S. 226, 254; *Transportation Co.* v. *Chicago,* 99 U. S. 635. See also *Union Bridge Co.* v. *United States,* 204 U. S. 364. The railway company accepted its franchise from the State,

subject necessarily to the condition that it would conform at its own expense to any regulations, not arbitrary in their character, as to the opening or use of streets, which had for their object the safety of the public, or the promotion of the public convenience, and which might, from time to time, be established by the municipality, when proceeding under legislative authority—within whose limits the company's business was conducted. This court has said that "the power, whether called police, governmental or legislative, exists in each State, by appropriate enactments not forbidden by its own constitution or by the Constitution of the United States, to regulate the relative rights and duties of all persons and corporations within its jurisdiction, and therefore to provide for the public convenience and the public good." *Lake Shore &c. Co.* v. *Ohio,* 173 U. S. 285, 297.

Without further discussion, and without referring to other matters mentioned by counsel, we adjudge upon the authority of former cases, that there was no error in holding that the city could not be compelled to reimburse the railway company for the cost of the bridge in question.

*Judgment affirmed.*