No error.

STATE AND MOREHEAD CITY v. ATLANTIC AND NORTH CAROLINA RAILROAD AND NORFOLK SOUTHERN RAILROAD COMPANIES.

(Filed 1 October, 1913.)

1. **Railroads—Lessor and Lessee.**

   A lessee railroad is bound to the observance of any municipal regulation binding upon its lessor.

2. **Railroads — Charter — Roadbed—Conditions Implied—Cities and Towns—Police Powers—Ordinance—Street Grading.**

   A railroad company in accepting its charter does so upon condition, necessarily implied, that it will conform at its own ex-

pense, to all reasonable and authorized regulations of towns existing along its route or those which thereafter may grow up thereon, relative to the safe and proper use of the streets and thoroughfares; and where a roadbed of such company lies along the streets of a town, an ordinance is enforcible as within the exercise of the police powers of the town, requiring the railroad, at a reasonable expenditure under the conditions existing, to make the roadbed conform to the grade of the streets and so maintain it with reference to its drain ditches that it may be crossed at all points with ease and safety.

APPEAL by defendant from *O. H. Allen, J.,* at March Term, 1913, of CARTERET.

Defendants were convicted of violating the following ordinance of Morehead City:

"Be it ordained, that all railroad companies having ditches along its right of way and along Arendell Street are hereby required to fill the same up to a grade with the streets, and further required to maintain such right of way in a reasonable grade with said street as to render it in a condition that it can be crossed at all points with ease and safety."

The defendants appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*E. H. Gorham for Morehead City.*

*J. F. Duncan, L. I. Moore for defendants.*

BROWN, J.   The only matter of law presented by the several assignments of error relates to the validity of the above ordinance.

The defendant the Atlantic and North Carolina Railway was incorporated in 1854 and constructed its railroad in 1858. The defendant the Norfolk Southern is its lessee, and of course bound to observe any municipal regulation that would bind its lessor.

At the time the road was constructed, Morehead City was not in existence. It was incorporated in 1860, and has since grown up on both sides of the railroad for some considerable distance, until it has become a flourishing town of 3,000 inhabitants.

All the evidence shows that from Twelfth Street to the corporate limits of the town, at Twenty-fourth Street, ditches were opened on each side of the railroad track, on the right of way, and that these ditches were necessary for the drainage of the roadbed, but that they could·be covered and closed up or tiled at moderate expense.

This would not only beautify the town by closing up unsightly ditches, but would render the crossing of the railroad at any point by pedestrians very much safer.

When the defendant accepted its charter from the State, it did so upon the condition, necessarily implied, that it would conform at its own expense to all reasonable and authorized regulations of the town as to the use of the streets and thoroughfares rendered necessary by its growth for the safety of the people and the promotion of the public convenience.

It is settled beyond controversy that railroad corporations, although operating under a legislative franchise, come necessarily within the operation of all reasonable police regulations that are lawfully enacted for the protection of life and property. *Railway v. Connersville,* 218 U. S., 336.

The Supreme Court of the United States has said: "The power, whether called police, governmental, or legislative, exists in each State, by appropriate enactments not forbidden by its own Constitution or by the Constitution of the United States, to regulate the relative rights and duties of all persons and corporations within its jurisdiction, and therefore to provide for the public convenience and the public good." *R. R. v. Chicago,* 99 U. S., 635; *R. R. v. Ohio,* 173 U. S., 285.

We think the validity of this ordinance and its reasonableness is fully sustained by the decision of this Court in *R. R. v. Goldsboro,* 155 N. C., 356.

It is no great hardship upon the defendants to require them to tile these ditches at their own expense.

Railways not only expect cities and towns to grow up along their lines, but they do much to promote their development, because they get the benefits to be derived from such growth in greatly increased business. It is simple justice, therefore, to

require them to conform to such reasonable regulations of such municipalities as are necessary for the safety and convenience of the public.