# GREAT NORTHERN RAILWAY COMPANY ET AL. *v.* STATE OF MINNESOTA EX REL. VILLAGE OF CLARA CITY.

## ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 185.   Submitted March 12, 1918.—Decided April 15, 1918.

Railroad companies may be required, under the state police power, at their own expense, to make streets and highways crossed by their tracks reasonably safe and convenient for public use.

Upon this principle, where a village street with business houses on both sides was intersected by a railroad right of way of which the central portion only was occupied by roadbed and tracks and was sufficiently planked for crossing purposes, *held*, that a requirement

(under Minnesota Laws, 1913, c. 78, § 1) that a sidewalk be built to extend the street sidewalk across the right of way on either side of the planking, along one side of the street where people must frequently cross, could not be regarded as an arbitrary or unreasonable requirement depriving of due process or denying the equal protection of the laws.

132 Minnesota, 474, affirmed.

THE case is stated in the opinion.

*Mr. E. C. Lindley, Mr. M. L. Countryman* and *Mr. Thomas R. Benton* for plaintiffs in error.

*Mr. C. A. Fosnes* and *Mr. Alfred K. Fosnes* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This suit was brought to compel the railroad companies to build a sidewalk on the south side of Bunde Street in the village of Clara City, Minnesota, where the right of way of the railroad companies crosses that street. The right of way of the companies is of the width of 300 feet at the place where Bunde Street crosses the same. At or near the center of this right of way the companies have constructed three railroad tracks. There are business houses upon both sides of the right of way, and it becomes necessary for people to cross the same frequently.

The case was decided in the lower court in Minnesota upon demurrer to the petition in mandamus, and the record contains this statement:

"For the purpose of the demurrer it was admitted by relator that that part of the street in question which is occupied by the roadbed or tracks of the respondents was and is properly, securely and sufficiently planked the full width of the street, such planking extending

the full length of the ties and between the tracks as in that particular required by statute; that the sole object and purpose sought to be attained in and by these proceedings is to compel the respondents to construct a sidewalk on one side of the street as it is located across the entire right of way, so that the sidewalk will connect with the said planking in either direction, but not so as to include in such construction the building of any sidewalk or crosswalk along that part of the street now occupied by said roadbed or tracks, which part is already sufficiently and securely planked for crossing purposes."

The General Laws of Minnesota contain a provision requiring the planking of railroad crossings where the same cross a public street. Section 4256 of the General Laws of Minnesota. By amendment of 1913 the following provision was added:

"And a suitable sidewalk shall be constructed by said company to connect with and correspond to said walks constructed and installed by the municipality or by owners of abutting property, but cement or concrete construction shall not be required in track space actually occupied by the railroad ties if some substantial and suitable sidewalk material is used in lieu thereof." Laws of Minnesota 1913, c. 78, § 1.

The lower court in Minnesota dismissed the petition, which judgment was reversed by the Supreme Court of Minnesota, and the railroad company was required to construct the sidewalk at its own expense. 130 Minnesota, 480. The court held that the statute was a reasonable exercise of the police power of the State. The contention here made is that the statute as thus enforced denies to the companies due process of law and the equal protection of the law in violation of the Fourteenth Amendment to the Federal Constitution.

It is too well settled by former decisions of this court to require extended discussion here that railroad com-

panies may be required by the States in the exercise of
the police power to make streets and highways crossed
by the tracks of such companies reasonably safe and
convenient for public use, and this at their own expense.
Such companies accept their franchises from the State
subject to their duties to conform to regulations, not of
an arbitrary nature, as to the opening and use of the
public streets for the purpose of promoting the public
safety and convenience.   This principle was applied by
this court in *Cincinnati, Indianapolis & Western Ry. Co.*
v. *Connersville,* 218 U. S. 336, wherein the railroad, be-
cause of the extension of a street through an embank-
ment upon which the railroad was built, was required
to construct at its own expense a bridge across the street.
In *Northern Pacific Ry. Co.* v. *Duluth,* 208 U. S. 583, it
was held that a municipality of the State of Minnesota
might require a railroad company to repair a viaduct
constructed by the city after the opening of the railroad
notwithstanding a contract relieving the railroad from
making repairs thereon for a term of years.   That the
police power of the State was a continuing one, and could
not be contracted away, and that uncompensated obe-
dience to laws, passed in its exercise, did not contravene
the Federal Constitution. This case was followed with
approval in *St. Paul, Minneapolis & Manitoba Ry. Co.*
v. *Minnesota,* 214 U. S. 497.   In *Chicago, Milwaukee &
St. Paul Ry. Co.* v. *Minneapolis,* 232 U. S. 430, this court
affirmed a judgment of the Supreme Court of Minnesota
requiring a railroad company to build at its own expense
a bridge required in order to permit a municipality in
that State to construct a canal connecting two lakes
within the limits of a public park.   In the opinion in that
case previous decisions in this court are collected and re-
viewed.

The Supreme Court of Minnesota in the instant case
held that the railroad companies might be required to

construct a sidewalk upon the right of way on both sides of the planked crossing. In the opinion of the court the sidewalk, leading to the crossing, tended to promote the safety and convenience of the public, and, after discussing the well-established authority of the State to require planking at crossings, as to the additional requirement to build the connecting sidewalk, said:

"There can be no controlling difference between the requirement of sidewalk and of planking. Planking is, to be sure, more to prevent persons in vehicles from injury, or the vehicles or teams from damage, by being stalled on the crossing. But, where a crossing is much traveled, safety, to say nothing of convenience, may require a separate space, like a sidewalk, reserved for pedestrians. There is a peculiar peril to travelers on foot, where many vehicles pass and the attention of the drivers is diverted to looking out for trains liable to use the crossing. Again, unless a well-defined walk be provided, there is danger of pedestrians crossing the tracks at places unexpected to those in charge of trains or cars, not to mention the inconvenience where mud and impassable conditions compel those on foot to deviate from the street proper.

"It is said defendant, if obligated to lay a sidewalk across its right of way, might likewise be required to construct sidewalks along such right of way where it borders a highway or street. The sufficient answer is that the statute does not call for anything of the kind.

"The contention is also that defendant has so much larger right of way than it needs or occupies for its three tracks that for the greater distance the sidewalk, as a safety provision, is out of place. It is to be assumed that the right of way is such only as is needed for and devoted to railway purposes, and such as is rightfully exempt from taxes and assessments because of the payment of the gross earnings tax. Within its right of way defendant

may at any time place additional tracks, or change the location of those it maintains, and, for that reason, it also seems proper that the safety of the passage for the traveler for the whole distance should be placed upon the railroad company. The statute merely prescribes that it shall maintain a sidewalk over its legitimate right of way to correspond and connect with the walk maintained under the supervision of the municipality, so as to afford the pedestrians a reasonably safe and convenient crossing."

This court considers a case of this nature in the light of the principle that the State is primarily the judge of regulations required in the interest of the public safety and welfare. Such statutes may only be declared unconstitutional where they are arbitrary or unreasonable attempts to exercise authority vested in the State in the public interest. We are not prepared to say that this statute is of that character, and the judgment of the Supreme Court of Minnesota is

*Affirmed.*