12149

TRESCOT TRANSFER CO. v. SAWYER, CHIEF HIGHWAY COMMISSIONER, *ET AL.*

(136 S. E., 481)

1. CARRIERS—STATE HIGHWAY COMMISSION MAY EXERCISE DISCRETION IN ISSUING CERTIFICATES FOR TRANSPORTATION COMPANIES (34 STAT. 252).—State highway commission, under Acts 1925, p. 252, may exercise discretion in issuing certificates to transportation companies under the act, and is required to issue such certificate only when public convenience and necessity require it.

2. CARRIERS—COURT WILL NOT INTERFERE WITH DISCRETION EXERCISED BY STATE HIGHWAY COMMISSION IN ISSUING CERTIFICATE FOR TRANSPORATION COMPANY, UNLESS ABUSED (34 STAT. p. 252).—Supreme Court will not interfere with discretion exercised by state highway commission in issuing certificate for transportation company under 34 Stat. p. 252, unless such discretion is abused.

3. CARRIERS—STATE HIGHWAY COMMISSION HELD NOT TO HAVE ABUSED DISCRETION IN REFUSING CERTIFICATE TO TRANSPORTATION COMPANY TO OPERATE IN COMPETITION WITH OTHER CARRIERS.—State highway commission *held* not to have abused its discretion in refusing certificate to transportation company to operate in competition with other parties, having complied with rules and regulations of highway department, and operating at such time.

Original mandamus by the Trescot Transfer Company against Ben M. Sawyer, Chief Highway Commissioner, and another. Petition dismissed, and rule discharged.

*Mr. E. J. Best,* for petitioner, cites: *Classes of certificates to be issued to operators of motor vehicles for hire:* 34 Stats., 252, Sec. 4. *Monopolies prohibited:* Const. 1895, Art. 9, Sec. 13.

*Messrs. John M. Daniel, Attorney General, Cordie Page, Assistant Attorney General* and *N. A. Turner,* for respondent, cite: *Conditions under which certificates to be issued to operators of motor vehicles for hire:* 34 Stats., 252, Sec. 3.

January 31, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

Upon a petition for mandamus a rule was issued requiring the respondents to show cause why it should not be issued. The respondents made their return, and the cause was heard and argued.

We are satisfied with the return under Act 170 of the Acts of 1925. It devolves upon the state highway commission to hear all affected parties before issuing any certificate, and to issue such certificate only when the public convenience and necessity require it. It is within the discretion of the highway department to issue the certificate or not, and that discretion will not be interfered with by the Court, unless abused.

In the case at bar we find no erroneous exercise of that discretion on the part of the respondents. The respondents issued certificates to other parties who complied with all of the rules and regulations of the highway department, and bought cars, trucks, etc., and are operating. These parties have been put to expense, and have rights; as long as they reasonably serve the public, they should not be interfered with. If their service is to be paralleled and jeopardized, then the very object of the act of the Legislature would be defeated, for it contemplates regulating service between certain points.

If the view asked for by the petitioner should prevail, and by competition between different competitors a number of lines were established, it might be that no one line could be run at a profit, and all might cease operating. This

would defeat the object of the act, and be detrimental to the service.

The operation of this line of convenience is a public utility, and the act conferred upon the highway commission gives ample authority to regulate the same. In the case at bar the respondents have rightly exercised that authority.

It therefore follows that the petition is dismissed and rule is discharged. Petition refused.

MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.