BROAD RIVER POWER COMPANY ET AL. *v.* SOUTH CAROLINA EX REL. DANIEL, ATTORNEY GENERAL.

No. 528 (1929 Term). Argued on Rehearing, December 3, 4, 1930.— Decided December 15, 1930.

See 281 U. S. 537.

*Mr. George M. LePine,* with whom *Messrs. C. Edward Paxson, W. C. McLain* and *Wm. Marshall Bullitt* were on the supplemental brief, for petitioners.

188

190

Mr. *Irvine F. Belser*, with whom *Messrs. John M. Dan-iel*, Attorney General of South Carolina, *Cordie Page*, Assistant Attorney General, *Joseph L. Nettles*, City Attorney of Columbia, S. C., *H. N. Edmunds*, and *C. T. Graydon* were on the supplemental brief, for respondents.

PER CURIAM.

At the last term the writ of certiorari in this cause was dismissed for want of jurisdiction. 281 U. S. 537. A rehearing afterwards was ordered by the Court and the rehearing recently has been had. Upon this further consideration the Court adheres to the view that the writ of certiorari should be dismissed for want of jurisdiction, but the members of the Court differ in the reasons which lead to that decision:

MR. JUSTICE VAN DEVANTER, MR. JUSTICE McREYNOLDS, MR. JUSTICE SUTHERLAND and MR. JUSTICE BUTLER concur in this disposition of the case, upon the rehearing, for the following reasons: The state court found that the petitioners here " did not make a bona fide effort to make the street railway business a success," but planned to discontinue it and pursued a course tend-

ing to depress the business and make it unremunerative; that "if the street car system had been properly maintained, as it could and should have been, the same would have been patronized by the public generally"; and that the "street railway system can be made to yield a fair return if properly managed and properly maintained." These findings, although opposed to part of the evidence, have such support in other parts that they should be accepted here. In the presence of such findings, so supported, it is apparent that on the present record petitioners are not in a position to maintain that enforced operation of the street railway system will be in contravention of rights secured by the due process of law clause of the Fourteenth Amendment. An essential basis in matter of fact for the right sought to be asserted under that constitutional provision is wanting; and as this is true regardless of whether the electric street railway franchise be independent or so unified with other franchises as to be interdependent, there is no present need to consider or determine its status in that regard.

The CHIEF JUSTICE, MR. JUSTICE HOLMES, MR. JUSTICE BRANDEIS and MR. JUSTICE STONE adhere to the views expressed in the opinion heretofore delivered. 281 U. S. 537.

MR. JUSTICE ROBERTS, considering himself disqualified, took no part in the decision of this case.