226 S.C. 136 (1954)
84 S.E.2d 132
ATLANTIC COAST LINE RAILROAD COMPANY
v.
THE PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA ET AL.
16919
Supreme Court of South Carolina.
October 11, 1954.
*137 Messrs. McKay & McKay, of Columbia, for Appellant.
*138 Messrs. T.C. Callison, Attorney General, and Irvine F. Belser, Assistant Attorney General, of Columbia, for Respondents.
"The following is the opinion of Judge Henderson, in the court below:"
This matter comes before me for hearing upon the merits in a suit by the plaintiff railroad company to enjoin and set aside an order of the South Carolina Public Service Commission dated September 3, 1952, requiring the railroad company to enlarge its platform at Lynchburg, South Carolina.
At the call of the case, plaintiff moved for leave to file a supplemental complaint and to give evidence showing experience at the platform since the date of the Commission's order. This motion was granted and additional testimony was taken and has been given full consideration by me.
I am constrained to hold, under a proper consideration of the facts adduced at the hearing before the Commission and before me, and under the applicable legal principles, that the order of the Commission should be affirmed.
The evidence taken before the Commission and before me shows that prior to November 19, 1943 the platform in question was some 92 feet longer than its present length, but that on or about that date the company retired a portion of the then platform 92'8" long x 29'2" wide, thereby leaving the present platform only 53' x 29'2". Further evidence discloses that at times the platform is now, and has for the past several years, been so crowded that it is necessary *139 to throw some of the bales of cotton on the ground and that in such circumstances the railroad company refuses to accept such cotton for shipment.
At the hearing before the Commission as well as before me, various local shippers testified that the platform was inadequate. Also the local agent for the company, upon cross examination, admitted that he had told some of the shippers that the platform was not quite large enough and the record also indicates that Mr. Langley, the General Superintendent of the company, had recommended that a 75 ft. extension be made to the platform but that the management had turned his recommendation down.
Also several substantial farmers from the community, particularly Mr. Keels and Mr. Blackmon, testified that it was a well known fact that the platform was inadequate and that owing to that fact sometimes they were forced to carry their cotton back home and that some farmers also refused to carry their cotton to Lynchburg for sale owing to the inadequacy of the platform.
On this point the Commission in its order found in effect that the inadequate and inconvenient facilities tend to discourage public patronage. I think this finding is well supported by the evidence.
Under these circumstances it seems to me, and I so hold, that the Commission's Order was fully sustained by the evidence.
The railroad company contends principally that the platform is used frequently by shippers for storing their cotton before it is turned over to the railroad company for shipment and that it is not bound to provide facilities for storage purposes.
I hold and find, however, that the evidence does not show that the shippers and farmers made any unreasonable use of the platform for storage purposes.
*140 Furthermore, it is common knowledge in this State, and a practice well known to this court and no doubt to the Commission, that farmers and buyers frequently place their cotton on railroad company platforms for sampling and temporary storage preliminary to actual shipment.
This convenience to the buyers and farmers is, of course, merely incidental to the proposed shipment of the cotton and to the business of the railroad company.
I therefore hold and find that this contention on the part of the railroad company cannot be sustained.
This case must be considered in the light of the well established principle that the public utility corporations such as railroads, are subject to reasonable regulation by the State, which position is established by authorities too numerous to mention.
Section 8292-12 of the South Carolina Code of 1942 which is unchanged in the 1952 Code, § 58-1031, expressly provides that the Commission "shall have the general supervision of all railroads and railways * * * with reference to the security and accommodation of the public and the compliance of the several corporations with the provisions of their charters and the laws of the State * * *."
Public utility corporations accept their franchises from the State subject to the valid exercise of the police power of the State and to their duty to conform to reasonable regulations designed to promote the public safety and convenience. Great Northern R. Co. v. State of Minnesota, ex rel. Village of Clara City, 246 U.S. 434, 38 S.Ct. 346, 62 L.Ed. 817; Cincinnati, I. & W.R. Co. v. City of Connersville, 218 U.S. 336, 31 S.Ct. 93, 54 L.Ed. 1060; Northern P.R. Co. v. State of Minnesota, ex rel. City of Duluth, 208 U.S. 583, 28 S.Ct. 341, 52 L.Ed. 630; Ford v. Atlantic Coast Line R. Co., 169 S.C. 41, 168 S.E. 143, affirmed 287 U.S. 502, 53 S.Ct. 249, 77 L.Ed. 457; State ex rel. Daniel v. Broad River Power Co., 157 S. *141 C. 1, 153 S.E. 537, affirmed 281 U.S. 537, 50 S.Ct. 401, 74 L.Ed. 1023 and 282 U.S. 187, 51 S.Ct. 94, 75 L.Ed. 287; McCandless v. Richmond & D. Ry. Co., 38 S.C. 103, 16 S.E. 429, 18 L.R.A. 440.
As stated by the South Carolina Supreme Court in State ex rel. Daniel v. Broad River Power Co., supra, at 153 S.E. 548, public service franchises "are granted primarily for the public benefit and when accepted constitute a contract, and * * * the grantee undertakes in consideration for the privilege granted to perform the services authorized. * * *"
They may be required at their own expense to provide reasonably adequate and suitable facilities for the convenience of the communities served by them, Atchison, T. & S.F.R. Co. v. Railroad Commission, 283 U.S. 380, 51 S.Ct. 553, 75 L.Ed. 1128; Missouri P.R. Co. v. State of Kansas ex rel. Railroad Com'rs, 216 U.S. 262, 30 S.Ct. 330, 54 L.Ed. 472; Atlantic Coast Line R. Co. v. North Carolina Corp. Commission, 206 U.S. 1, 27 S.Ct. 585, 51 L.Ed. 933, 11 Ann. Cas. 398.
An order of a Public Service Commission, issued under the powers and authority conferred upon it, has the force and effect of law. Prentis v. Atlantic Coast Line R. Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150; Atlantic Coast Line R. Co. v. North Carolina Corp. Commission, 206 U.S. 1, 27 S.Ct. 585, 51 L.Ed. 933. Cf. Brownlee v. Charleston Motor Express Co., 189 S.C. 204. 200 S.E. 819.
The decisions and orders of public service commissions with respect to the regulation of public utilities are prima facie or presumptively valid, reasonable, and correct. Phoenix R. Co. v. Geary, 239 U.S. 277, 36 S. Ct. 45, 60 L.Ed. 287; State ex rel. Daniel v. Broad River Power Co., 157 S.C. 1, 153 S.E. 53, affirmed 281 U.S. 537, 50 S.Ct. 401, 74 L.Ed. 1023 and 282 U.S. 187, 51 S.Ct. 94, 75 L.Ed. 287; 43 Am. Jur. 724, Section 287, *142 Public Utilities and Services, and cases cited. They will not be set aside unless without evidence to support them, or unless they are unjust, arbitrary or unreasonable. Ibid.
A Commission's order made pursuant to legislative authority or in the exercise of the police powers of the State is subject to judicial correction only insofar as it might be held, as a matter of law, to embody arbitrary or capricious action. Bluefield Telephone Co. v. Public Service Commission, 102 W. Va. 296, 135 S.E. 833; Annotation 79 L.Ed. 967. The exercise by a state of its police powers will not be interfered with by the Courts unless such exercise is of an arbitrary nature having no reasonable relation to the execution of lawful purposes. Jones v. City of Portland, 245 U.S. 217, 38 S.Ct. 112, 62 L.Ed. 252, L. R.A. 1918C, 765. A Court cannot substitute its judgment for that of a public service commission upon a question as to which there is room for a difference of intelligent opinion and will not set aside an order of a public service commission merely upon the conception of the Court as to the wisdom or expediency of the order. Simpson v. Shepard (Minnesota Rate Cases), 230 U.S. 352, 33 S.Ct. 729, 57 L. Ed. 1511, 48 L.R.A., N.S., 1151; Southern P. Co. v. Campbell, 230 U.S. 537, 33 S.Ct. 1027, 57 L.Ed. 1610; 43 Am. Jur. 721, Sec. 225, Public Utilities and Services.
A utility attacking an order or a regulatory commission "carries the heavy burden of making a convincing showing that it is invalid because it is unjust and unreasonable in its consequences." Federal Power Commission v. Hope Natural Gas Co., 320 U.S. 591, 602-603, 64 S.Ct. 281, 288, 88 L.Ed. 333, 345; Los Angeles Gas & Electric Corp. v. Railroad Commission, 289 U.S. 287, 304, 305, 53 S.Ct. 637, 77 L.Ed. 1180, 1190, 1191.
Orders of Commission are presumptively just and findings of fact are prima facie correct. State ex rel. Public Service Commission v. Atlantic Coast Line Railroad Company, 222 S.C. 266, 72 S.E. (2d) 438, at page 443; Southern Railway Company v. Public Service *143 Commission, 195 S.C. 247, 10 S.E. (2d) 769, at pages 773-774; State ex rel. Daniel v. Broad River Power Co., 157 S.C. 1, 153 S.E. 537, affirmed 281 U.S. 537, 50 S.Ct. 401, 74 L.Ed. 1023; 282 U.S. 187, 51 S.Ct. 94, 75 L.Ed. 287.
The State has power to require a railroad company to construct a shed for the convenience of the public. Shealy v. Southern Railroad Co., 127 S.C. 15, 120 S.E. 561.
As was stated by the South Carolina Supreme Court [195 S.C. 247, 10 S.E. (2d) 773] in the above cited Southern Railway Company case, "And it is our considered judgment that upon a judicial review of an order of the Public Service Commission relating to railroad companies, of the character now before us, the true rule is that the Commission's findings of fact are prima facie correct and should not be set aside unless clearly against the weight of the evidence. State ex rel. Daniel v. Broad River Power Co., 157 S.C. 1, 6, 153 S.E. 537, supra."
Also in the above cited case of Shealy v. Southern Railroad Co., the Court discussed at considerable length the extensiveness of the police power under which such orders should be upheld, saying, among other things, "In 6 R.C. L. 182 et seq. it is further said: `The police power is an attribute of sovereignty, possessed by every sovereign state, and is a necessary attribute of every civilized government. It is inherent in the states of the American Union and is not a grant derived from or under any written constitution. It has been said that the very existence of government depends on it, as well as the security of social order, the life and health of the citizen, and the enjoyment of private and social life and the beneficial use of property. It has been described as the most essential, at times the most insistent, and always one of the least limitable, of the powers of government. * * *
"`It is very broad and comprehensive and is liberally understood and applied.'"
*144 Of course it is true that in case such orders of the Public Service Commission can be held to be arbitrary, they may be set aside and enjoined by the courts, and the power to regulate, as was stated by the South Carolina Supreme Court in the most recent case of the State ex rel. Public Service Commission v. Atlantic Coast Line Railroad Company, involving the Charleston Union Station, see 72 S.E. (2d) at page 443, is not unlimited, but in the absence of such arbitrary character they should be upheld and enforced.
It cannot be said that an order is arbitrary where two reasonable men can differ as to its wisdom. In this case we have the testimony of various shippers, the opinions of officials of the Company itself, and the finding of the Commission concurring all to the effect that the platform is inadequate.
I therefore hold and find that it cannot fairly be said that the order of the Commission was arbitrary. Counsel for the Commission at the hearing before me advanced the argument that the action of the Company in reducing the size of the platform in 1943 was in violation of Commission's Rule No. 14, which was filed in the Secretary of State's office on June 30, 1937, and which provides in effect that no depot, flag stop, station, office or agency now established, or that thereafter may be established, should be closed, removed, suspended, discontinued or abolished without authority granted by the Public Service Commission, and hence that such action was illegal and invalid. See the recent case of the State ex rel. Public Service Commission v. Atlantic Coast Line Railroad Company, 222 S.C. 266, 72 S.E. (2d) 438, in which the said rule was stated and applied with reference to the attempted abandonment of the Charleston Union Station.
There would seem to be much force in this argument, but I am not disposed to, and I do not rest, my decision in this case upon that point.
*145 The fact that the platform was previous to 1943 larger than at present does, however, bear upon and reinforce the Commission's finding that the present platform facilities are inadequate.
Upon the whole I therefore hold and find that the Commission's order was well founded on the facts, was well within the Commission's powers, was just and reasonable and should be enforced. It is therefore
Ordered, Adjudged, and Decreed that the relief prayed for in the complaint herein should be refused and that the complaint should be dismissed.
And it is so ordered.
October 11, 1954.
PER CURIAM.
The Order of Honorable E.H. Henderson has been carefully considered in the light of the record and the exceptions, and we find no error.
Let the Order be reported as the judgment of this Court.
Before STUKES, TAYLOR, OXNER and LEGGE, JJ.