233 S.C. 67 (1958)
103 S.E.2d 762
E. L. LONG MOTOR LINES, Inc., Fuller Motor Lines, Inc., Huckabee Transport Corp. and R.D. Nilson, doing business as Nilson Motor Express, Appellants,
v.
South Carolina Public Service Commission, Respondent.
17423
Supreme Court of South Carolina.
May 13, 1958.
*68 *69 Frank A. Graham, Jr., Esq., of Columbia, for Appellants.
Messrs. T.C. Callison, Attorney General, and Irvine F. Belser, Assistant Attorney General, of Columbia, for Respondent.
The order and decree of Judge Steve C. Griffith follows:
This matter comes before the Court for hearing upon the merits and in response to a Rule to Show Cause.
In the Complaint it was alleged and claimed that theretofore the South Carolina Public Service Commission issued its Order under date of February 27, 1957, amending the certificate of convenience and necessity theretofore held *70 by one Ashley Gardner so as to authorize him to haul "steel and galvanized pipe, asbestos siding, and roofing materials" in addition to the other items covered by said certificate, and that under the evidence taken at a hearing such Order was arbitrary and invalid.
The defendant South Carolina Public Service Commission, by way of Answer and Return, alleged, first, that there was a fatal defect of parties, and further that the said Order of the Commission was amply supported by the evidence, was reasonable, and should be sustained.
The matter was heard upon the pleadings and upon the record of the proceeding before the South Carolina Public Service Commission.
At the outset of plaintiff's argument, both oral and written, it was claimed that the Order of the Commission involved was fatally defective in that it did not contain any specific findings of the elements necessary to support the grant of such authority.
However, it appears from the record that no such contention or claim was made either in the Petition for Rehearing filed with the Commission or in the Complaint upon which this action was based. Moreover, while it might be better practice for the Commission to make such specific findings on the issues involved, there is no statute or provision of law in South Carolina requiring any such findings in orders by the Public Service Commission relative to certificates of convenience and necessity for motor carriers.
Also, the specific finding of the Commission in its Order to the effect that "from the testimony taken and facts presented it appears that the application should be granted" may be taken as embracing all the preliminary and detailed findings necessary to support its Order. Compare: Beard-Laney, Inc., v. Darby, 213 S.C. 380, 49 S.E. (2d) 564, at page 568.
*71 The Order involved in this case was issued by the Commission in pursuance of the authority expressly granted to it by the Legislature and in the exercise of the police power of the State.
This case must be considered in the light of the principle that Orders of the Commission on matters of this sort are presumed to be valid and will not be set aside unless shown to be arbitrary in the sense that no two reasonable men could differ thereabout. Pee Dee Electric Cooperative, Inc., v. Public Service Commission, 229 S.C. 155, 92 S.E. (2d) 171; Beard-Laney, Inc., v. Darby, 213 S.C. 380, 49 S.E. (2d) 564; State ex rel. Daniel v. Broad River Power Company, 157 S.C. 1, 153 S.E. 537; State ex rel. Public Service Comm. v. Atlantic Coast Line Railroad Company, 222 S.C. 266, 72 S.E. (2d) 438; Atlantic Coast Line Railroad Company v. Public Service Commission, 225 S.C. 196, 81 S.E. (2d) 357; Atlantic Coast Line Railroad Company v. Public Service Commission, 226 S.C. 136, 84 S.E. (2d) 132.
"A Commission's order, made pursuant to legislative authority or in the exercise of the police powers of the State is subject to judicial correction only insofar as it might be held, as a matter of law, to embody arbitrary or capricious action. Bluefield Telephone Co. v. Public Service Commission, 102 W. Va. 296, 135 S.E. 833; Annotation 79 L.Ed. 967. The exercise by a state of its police powers will not be interfered with by the Courts unless such exercise is of an arbitrary nature having no reasonable relation to the execution of lawful purposes. Jones v. City of Portland, 245 U.S. 217, 38 S.Ct. 112, 62 L.Ed. 252, L.R.A. 1918C, 765. A Court cannot substitute its judgment for that of a public service commission upon a question as to which there is room for a difference of intelligent opinion and will not set aside an order of a public service commission merely upon the conception of the Court as to the wisdom or expediency of the order. Simpson v. Shepard (Minnesota Rate Cases), 230 U.S. 352, 33 S.Ct. 729, *72 57 L.Ed. 1511, 48 L.R.A., N.S., 1151; Southern Pac. Co. v. Campbell, 230 U.S. 537, 33 S.Ct. 1027, 57 L.Ed. 1610; 43 Am. Jur. 721, Sec. 225, Public Utilities and Services.

* * *
"Orders of Commission are presumptively just and findings of fact are prima facie correct. State ex rel. Public Service Commission v. Atlantic Coast Line Railroad Company, 222 S.C. 266, 72 S.E. (2d) 438, at page 443; Southern Railway Company v. Public Service Commission, 195 S.C. 247, 10 S.E. (2d) 769, at pages 773-774; State ex rel. Daniel v. Broad River Power Co., 157 S.C. 1, 153 S.E. 537, affirmed 281 U.S. 537, 50 S.Ct. 401, 74 L.Ed. 1023; 282 U.S. 187, 51 S.Ct. 94, 75 L.Ed. 287." Quoted from Atlantic Coast Line Railroad Co. v. Public Serv. Comm., 226 S.C. 136, 84 S.E. (2d) 132, 135, 136.
In the case of Pee Dee Electric Cooperative v. Public Service Commission, 229 S.C. 155, 92 S.E. (2d) 171, 174, the South Carolina Supreme Court in upholding an order of the Public Service Commission granting a certificate of convenience and necessity to the Carolina Power and Light Company instead of to the Pee Dee Electric Cooperative, said:
"In our consideration of the issues here presented the governing principle, well settled by many decisions of this court, is that orders of the Public Service Commission issued under the powers and authority vested in it have the force and effect of law; that the Commission's findings of fact are presumptively correct and its orders presumptively reasonable and valid; that this court cannot substitute its judgment for that of the Commission upon a question as to which there is room for a difference of intelligent opinion; and that, therefore, an order of the Commission such as is here involved will not be set aside except upon a convincing showing that it is without evidence to support it or that it embodies arbitrary or capricious action as a matter of law. Atlantic Coast Line R. Co. v. Public Service Commission, 226 S.C. 136, 84 S.E. (2d) 132."
*73 So considered, it seems clear to this Court that the Commission's Order here complained of cannot be considered arbitrary, but on the other hand was amply supported by the evidence and should be affirmed.
I have carefully reviewed the record of the evidence taken before the Commission, and I hold and find that such record shows that the Commission's Order was reasonable and amply sustained by the evidence.
In particular, the evidence discloses that the service rendered by some of the plaintiffs was slow; that better service was rendered by the applicant Gardner; that additional service was needed; and that some of the plaintiffs did not have enough equipment to meet the demand, so much so that they employed the applicant Gardner and his equipment to do some of the hauling on their behalf.
On the whole, the evidence indicates that the plaintiffs, or some of them, wanted to use the applicant Gardner and his equipment to haul materials on their behalf under their certificates of convenience and necessity but were unwilling for him to secure such privilege to haul on his own behalf. Under these circumstances, this Court is of the opinion, and so holds, that the Commission's conclusions and Order were reasonable and fully justified.
Plaintiffs have not cited any case supporting their contention that under the facts of this case the Order of the Public Service Commission should be set aside. The case of Trescot Transfer Co. v. Sawyer, 138 S.C. 337, 136 S.E. 481, in which an Order of the Highway Department issuing a certificate of convenience and necessity was upheld, tends to support the position of the defendant in this case.
The defendant by its Answer and Return makes the point that there is a defect of parties defendant in this case in that the said applicant Gardner was not made a party to this proceeding. I am inclined to the view that this point is sound, but in as much as the defendant did not seem disposed to insist upon it and in as much as I have in any event found *74 that the Order of the Commission was just and reasonable and should be sustained, it does not seem necessary specifically to pass formally upon this point.
I am therefore of the opinion, and so hold and find, that the Order of the Commission was just and reasonable and should be sustained, and the Complaint should be dismissed.
It is therefore ordered, adjudged and decreed:
That the Answer and Return be adjudged sufficient, that the Rule be discharged, and that the Complaint be dismissed, with costs, against plaintiffs.
May 13, 1958.
PER CURIAM.
The order and decree of Honorable Steve C. Griffith, Presiding Judge, has been carefully considered in the light of the record and the exceptions. The issues presented by the exceptions were correctly decided by the lower Court. The exceptions are overruled and the order and decree of the lower Court is adopted as the judgment of this Court.
The appellants contend that the order of the respondent was fatally defective in that it did not contain any specific findings of fact. They assert that the respondent should have specifically made a finding that public convenience and necessity was not being reasonably served by the appellants. The exception posing this question cannot be considered for the reason that the appellants made no such claim in their petition for a rehearing before the respondent, or in the complaint upon which this action is based. Since this ground of appellants is not responsive to the issues raised by the pleadings, it was not properly before the trial Judge and, therefore, is not properly before this Court. Franklin Savings & Loan Co. v. Riddle, 216 S.C. 367, 57 S.E. (2d) 910; Richardson v. General Motors Acceptance Corp., 221 S.C. 14, 68 S.E. (2d) 874; Prosser v. Avery Lumber Co., 162 S.C. 159, 160 S.E. 431; Epworth Orphanage v. Long, 207 S.C. 384, 36 S.E. (2d) 37; White v. Livingston, 231 S.C. 301, 311, 98 S.E. (2d) 534.
*75 We agree with the Circuit Judge that it would be better practice for the Commission to make specific findings on the issues involved, even though there is no statute requiring any such findings in orders made by the Public Service Commission relative to certificates of public convenience and necessity for motor carriers.
In Gray v. Laurens Mills, 231 S.C. 488, 99 S.E. (2d) 36, 38, which was a Workmen's Compensation case, we use language which is here appropriate. We quote:
"As pointed out in Singleton v. Durham Laundry Co., 213 N.C. 32, 195 S.E. 34, 35, the Commission should `make such specific and definite findings upon the evidence reported as will enable this court to determine whether the general finding or conclusion should stand, particularly when there are material facts at issue.'"
Judgment below affirmed.